### JOHN BLODGETT & others *vs.* EPHRAIM HILDRETH.

A letter from A. to B., saying " I intend to settle up our affairs and give up your deeds
that you intrusted me with," is not sufficient to establish a trust in B.'s favor in land
which had been conveyed to A. by B. and others.

Oral evidence that a conveyance of land by a quitclaim deed in the usual form from A., B.
and C., tenants in common thereof, to D., the other tenant in common, was made in pur-
suance of an agreement between the parties, that, in consideration of certain payments
made and to be made by A., the land should be held by D. in trust for A., is admissible
and sufficient, even after the death of all the tenants in common, to establish an implied
trust in A.'s favor in the shares conveyed by B. and C. put not in the share conveyed
by A. himself, nor in the share of D.

BILL IN EQUITY by the heirs of Sarah M. Blodgett, to redeem
one undivided half of a parcel of land in Townsend from a

mortgage held by the defendant. At the hearing, before *Morton*, J., there appeared the following facts, on which the case was reserved for the consideration of the full court.

John W. Swallow, owning the land in question, mortgaged it to Jepthah Cummings, and died in 1840, intestate, leaving his four sisters, Alice M. Swallow, Sophronia Swallow, Sarah M. Blodgett, and Lucinda S. Hildreth, his heirs. No administration was taken on his estate. In 1843, Alice, Sarah and Lucinda made " a deed of quitclaim " of the premises to Sophronia, the husbands of Sarah and Lucinda joining therein ; afterwards Alice died, unmarried and childless; then Sarah died intestate, leaving the plaintiffs her heirs; and then Sophronia died, intestate, unmarried and childless. Subsequently the mortgage to Cummings was assigned to Lucinda, and she afterwards conveyed the premises by quitclaim deeds through a third person to her husband, the defendant, and in 1857 died.

The defendant contended that the deed made to Sophronia by her sisters was made in trust for the sole use and benefit of Lucinda; and he was allowed to introduce in evidence, against the objection of the plaintiffs, a letter written in 1853 by Sophronia to Lucinda, containing this passage : " I intend to settle up our affairs and give up your deeds that you intrusted me with."

The defendant was also allowed, against the plaintiff's objection, to introduce oral evidence showing that the heirs of John W. Swallow made an oral agreement that Lucinda should take the premises, she agreeing to pay all her brother's debts and to pay $25 to each of her sisters; that, in pursuance of this agreement, the deed of 1843 was made to Sophronia, at the request of Lucinda, and to be held in trust for her; that at the time the deed was made Sophronia paid some of her brother's debts out of money in her hands belonging to Lucinda, and Lucinda's husband, the defendant, gave Sophronia a receipt in full of a debt due to him from her brother's estate ; that, after the deed was made and delivered to Sophronia, Lucinda, from time to time, paid the other debts of her brother, and also paid $25 to each of her sisters ; that, after the making of the deed to So·

phronia, Lucinda and the defendant paid the taxes on the premises up to the time of Sophronia's death, since which time the plaintiffs voluntarily paid one half of the taxes; and that Lucinda, at the time of making the deed to Sophronia, held promissory notes against her brother, which were found among her papers at her death, and were now in the possession of the defendant.

*D. S. Richardson,* for the plaintiffs.

*F. A. Worcester,* for the defendant.

WELLS, J.   1. The writing produced in this case is not sufficient to satisfy the requirements of the statute of frauds.   It fails to identify the property or interests to which it relates, or to afford means by which its identity may be made certain.   It does not disclose the terms of the trust, or the conditions upon which the sister was entitled to have the deeds surrendered to her.   The trust must be established, if at all, by implication of law.

2. As to Sophronia's original share of the land, the case stands merely upon an oral agreement to hold it for the benefit of Lucinda, and payment of the value or consideration therefor. This will not create a valid trust.   Gen. Sts. *c.* 100, § 19.   Payment of the whole purchase money will not take an oral agreement concerning land out of the statute of frauds.   *Purcell* v. *Miner,* 4 Wallace, 513.   *Thompson* v. *Gould,* 20 Pick. 134. *Glass* v. *Hulbert,* 102 Mass. 24.   Lands already held by a party cannot be charged with an implied or resulting trust by reason of the receipt of money upon an oral agreement of sale or trust. *Rogers* v. *Murray,* 3 Paige, 390.   *Forsyth* v. *Clark,* 3 Wend. 637, 651.

3. As to the share of Lucinda, conveyed by her to Sophronia without consideration and upon an agreement to reconvey or hold it for the benefit of Lucinda, no valid trust arises from that transaction.   *Walker* v. *Locke,* 5 Cush. 90.   A voluntary deed is valid between the parties as a gift, and does not raise any trust in favor of the grantor.   It is otherwise with a feoffment, and perhaps in other conveyances whenever there is no declaration of the uses and the consideration is open to inquiry in determining the effect of the deed between the par

ties and their privies. Cruise Dig. (Greenl. ed.) tit. 11, *c.* 4, § 16, and tit. 32, *c.* 2, § 38. In this Commonwealth the consideration is not open to such inquiry. Supposing the deed in question to have been in the common form, the recital of a consideration, and the declaration of the use to the grantee and her heirs in the *habendum,* are both conclusive between the parties, and exclude any resulting trust to the grantor. *Squire* v. *Harder,* 1 Paige, 494. Hill on Trustees, 112. 2 Story Eq. § 1197. *Philbrook* v. *Delano,* 29 Maine, 410. *Farrington* v. *Barr,* 36 N. H. 86. *Graves* v. *Graves,* 9 Foster, 129.

A trust may be established in favor of one who furnished the consideration, where a deed has been taken to a third party, because in that case the supposed *cestui que trust,* not being party to the deed, is not estopped by its recitals or covenants from proving all the facts from which such a trust will result. *Livermore* v. *Aldrich,* 5 Cush. 431.

4. The two shares conveyed to Sophronia by the other two sisters come within the conditions from which a trust is held to result, by implication of law, in favor of the party who is the real purchaser and furnishes the consideration. It need not be money advanced or paid at the time of the conveyance. The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase. It is sufficient if that which in fact formed the consideration of the deed moved from the party for whom the trust is claimed to exist, or was furnished in her behalf or upon her credit. The trust results from the purchase and payment of the consideration by or for one party, and the conveyance of the land to another. The receipt of a deed of conveyance founded on such a transaction raises a presumption that it was taken for the benefit of the party supplying the consideration. 2 Story Eq. § 1201. The implication of a trust from these facts may be overcome and disproved, or corroborated, by any oral or written testimony showing the circumstances of the transaction, and the expressed or probable intentions of the parties. Their admissions at the time or afterwards are competent to be proved. So also are their agreements; but agreements not in writing

have no force otherwise than as admissions tending to destroy or confirm the inference otherwise deducible from the facts of payment of the consideration and deed to a third party. The trust results only from that inference. Adams Eq. 33. Hill on Trustees, 96, 97. *Botsford* v. *Burr*, 2 Johns. Ch. 405.

Upon the report in this case, it appears that the whole consideration of the deed to Sophronia moved from Lucinda. It consisted partly in payments made at the time, out of money belonging to Lucinda, partly in payments then undertaken to be made, and subsequently made by her, and partly in the release or surrender of claims against the estate of their deceased brother. All these payments, releases and undertakings were for the use and benefit of the grantors, either directly or indirectly. It is enough, however, that, whatever of consideration there was, it moved from Lucinda. Proof of payments made subsequently has no other effect than to show that there was no failure of the consideration agreed upon when the deed was made, and on which it rested.

The other facts, including the letter of Sophronia, relied on as a declaration of trust, tend to corroborate and strengthen the implication of law which arises from payment of the consideration.

° The fact that Lucinda joined in the same deed of quitclaim, in order to convey her own share to Sophronia, does not create any estoppel against her, beyond the interest which she conveyed. The deed is not set forth in the pleadings, nor in the report; and we are not to presume that Lucinda entered into any covenants, in relation to the shares conveyed by her sisters, which estop her from proving the facts from which an implied trust may result in her own favor. Her covenants, if any, in the deed, would be construed as extending only to the estate conveyed by her, unless the terms in which they are expressed require a different construction. *Blanchard* v. *Brooks*, 12 Pick. 47. *Allen* v. *Holton*, 20 Pick. 458. *Sweet* v. *Brown*, 12 Met. 175.

The result is, that one half of the estate was held by Sophronia in trust for Lucinda; and the plaintiff, if permitted to re-

deem, would at once be compelled to release it, in fulfilment of that trust. As to the other half, as no trust is legally established, it passed, upon the death of Sophronia, in equal shares to Lucinda and the representatives of Mrs. Blodgett, neither Sophronia nor her sister Alice M. having left issue.

The plaintiffs are therefore entitled to redeem one fourth part of the premises. If the parties shall not agree upon the amount to be paid upon such redemption, a master must be appointed to ascertain the amount.            *Decree accordingly.*