### ELLEN E. McDONOUGH *vs.* JAMES O'NIEL.

When land conveyed by one person to another is purchased by the money of a third, a trust results to the latter, although the money was lent for the purpose by the grantee; and the fact of the loan may be proved by parol.

A finding of a master to whom a suit in equity has been referred to report the facts, will not be reversed unless clearly shown to be erroneous.

The omission of a party to testify to facts within his knowledge in explanation of or to control adverse testimony is a proper subject for consideration in equity as well as at law.

BILL IN EQUITY by the widow, being the administratrix with the will annexed and the sole legatee of John B. McDonough, to enforce a resulting trust.

The bill alleged that April 1, 1870, her husband purchased of one Godfrey, for $3000, a lot of land with a dwelling-house upon it; that the deed was made to the defendant upon the express agreement that he would hold the premises in trust for her husband; that her husband paid $1500 in cash; that the defendant, at her husband's request and for her husband's benefit, gave his note for $1500, secured by a mortgage of the premises, in payment of the remainder of the purchase money; that the deed was absolute in form, but was taken in trust for her husband; that her husband, relying upon the defendant's agreement to hold the estate in trust for him and to convey to him upon repayment of the amount advanced, with the defendant's knowledge and consent had occupied the premises during his lifetime, had expended more than $2000 in permanent improvements, and had paid all the taxes from the time of the purchase; that since her husband's death she had offered to assume and pay the mortgage and had requested a conveyance, but that the defendant refused to convey, and denied the existence of the trust.

The material part of the will (a copy of which was annexed to the bill) was as follows:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows: I give, bequeath, and devise to my wife, Ellen E. McDonough, all my estate, real and personal, and mixed. And whereas James O'Niel holds a deed of certain real estate for my benefit, in trust, and has paid certain sums of

money on my account, therefore, I order all such sums with in-terest to be paid back to him, and I then direct that he shall convey said property as follows, to wit, in fee simple, to my said wife, Ellen E. McDonough, to her and her heirs and assigns for-ever, immediately after my decease, unless the same shall have been conveyed to me, or some person at my request, during my lifetime."

The answer denied that the plaintiff's husband purchased the estate, or paid any part of the purchase money, or that the deed was made to the defendant upon any agreement that he should hold the estate in trust, and asserted that the defendant pur-chased with his own funds for himself, and denied the existence of any trust express or implied, but alleged that the plaintiff's husband, wishing to occupy the premises permanently as a place of business, and wishing to purchase them of the defendant if he should become able to do so, made some slight improvements, upon the express understanding that if he did not purchase, the sum expended in improvements should be allowed him in the rent.

The plaintiff filed a formal replication, and the case was re-ferred to a master to report the facts and such portions of the evidence as either party might desire.

The master reported the following facts:

" That John B. McDonough purchased the estate described in the deed from B. D. Godfrey to James O'Niel, dated April 1, 1870.

" That the consideration paid for said conveyance was the money of said McDonough, loaned in part to him by said O'Niel, and by other parties, but received by the grantor from O'Niel.

" That the price of said estate was $3000. There was a mortgage upon the premises for $1500, which was paid and dis-charged by a new mortgage for the same amount given by said O'Niel, the grantee in said deed, which mortgage still remains upon the estate, the interest having been paid up to the time of McDonough's death, by McDonough to O'Niel, and through O'Niel to the mortgagee.

"That of the cash paid for said estate O'Niel furnished McDonough with $600; also $400 borrowed by O'Niel of one Dolan, O'Niel giving Dolan his note therefor, on which McDonough has since paid $320, leaving $80 due on said note. McDonough paid $300 cash, which he had on hand, and $200 borrowed of Mrs. McGovern on his note signed by O'Niel as surety, toward the purchase money for said conveyance.

"That said O'Niel advanced said $600, and said sum of $400 had of Dolan, and gave said mortgage of $1500, and said notes amounting to $400, to Dolan, and signed said note to Mrs. McGovern, for and in behalf of said McDonough, intending the same as a loan to him, and that the deed from said Godfrey was given to said O'Niel to secure him for said loan and liability.

"That said McDonough has occupied said premises and received rent of a tenant therein, and paid the taxes for 1871 and 1872, and made permanent repairs thereon to the amount of $1040.84.

"That said O'Niel has paid the taxes for the year 1870, amounting to $44.08, and $100 towards the repairs, which sums I find he paid for McDonough, who is indebted to him therefor.

"That the complainant, after said John B. McDonough's death, made demand upon respondent, before this bill of complaint was filed, to convey said premises to her, offering at the time to pay said O'Niel all sums of money he had paid out thereon, with interest and for his services in the matter, but respondent refused to execute a conveyance of the premises to her. But complainant did not offer to assume said mortgage of $1500, which fact I report at request of defendant's counsel.

"The defendant was present during the hearing before me, but did not offer to testify, which fact I report at request of complainant's counsel."

The master also reported all the evidence introduced before him, the material part of which is stated in the opinion.

The defendant excepted to the master's report, "For that the said master finds, upon all the evidence which is reported in full and upon the facts agreed, 1. That John B. McDonough purchased the estate described in the deed from Godfrey

to O'Niel, dated April 1, 1870. 2. That the consideration paid for said conveyance was the money of said McDonough, loaned in part to him by said O'Niel and other parties. 3. That O'Niel advanced said $600 and said $400, and gave said mortgage of $1500, and said notes amounting to $400, to Dolan, and signed said note to Mrs. McGovern for and in behalf of said McDonough, intending the same as a loan to him, and that the deed from said Godfrey was given to said O'Niel to secure him for said loan and liability. 4. That said O'Niel paid the taxes named and $100 towards repairs for McDonough. Whereas he ought to have found, upon said evidence and facts, 1. That said O'Niel purchased said estate. 2. That the consideration paid therefor was the money of said O'Niel. 3. That said O'Niel advanced said money and gave said mortgage and gave said note to Dolan and to Mrs. McGovern, for and in his own behalf, and that said deed was given to said O'Niel for his own benefit. 4. That said O'Niel paid said taxes and said $100 in his own behalf."

The case was reserved by *Gray*, C. J., upon the pleadings, master's report and exceptions, for the consideration of the full court.

*T. G. Kent*, for the defendant.

*T. L. Nelson & H. L. Parker*, for the plaintiff.

GRAY, C. J. The decision of this case depends upon the application to the evidence of well settled rules of equity jurisprudence.

Where land conveyed by one person to another is paid for with the money of a third, a trust results to the latter, which is not within the statute of frauds. It is sufficient if the purchase money was lent to him by the grantee, provided the loan is clearly proved. And the grantee's admissions, like other parol evidence, though not competent in direct proof of the trust, are yet admissible to show that the purchase money, by reason of such loan or otherwise, was the money of the alleged *cestui que trust*. *Kendall* v. *Mann*, 11 Allen, 15. *Blodgett* v. *Hildreth*, 103 Mass. 484. *Jackson* v. *Stevens*, 108 Mass. 94. In equity, a conveyance absolute on its face may be shown by parol evidence to have

been intended as a mortgage only, and its effect limited accordingly. *Campbell* v. *Dearborn*, 109 Mass. 130. The findings of a master in matters of fact are not to be reviewed by the court, unless clearly shown to be erroneous. *Dean* v. *Emerson*, 102 Mass. 480. And in equity, as at law, the omission of a party to testify in control or explanation of testimony given by others in his presence is a proper subject of consideration. *Whitney* v. *Bayley*, 4 Allen, 173.

It appears and is not controverted that the deed was made by Godfrey to the defendant, whose wife was the testator's sister: that the purchase money was $3000, of which the testator furnished $300 of his own money, and $200 borrowed by him of Mrs. McGovern, upon a note signed by himself and the defendant; the defendant furnished $600 of his own money, and $400 borrowed of Dolan upon the defendant's note; and for the remaining $1500 the defendant gave his own note, secured by mortgage on the premises, to Clements, who held a previous mortgage for a like amount, and who testified that before the purchase the defendant came to see if that mortgage could lie on the property, and told him that he was going to buy the land for the testator, and was told by the mortgagee that he must give a new mortgage, as he afterwards did, in discharge of the old one. The will recites that the defendant held a deed of certain real estate in trust for the testator's benefit, and had paid certain sums of money on his account, and directs that all such sums of money, with interest, should be paid back to him, and he should then convey the property in fee to the testator's wife. The attorney who drew the will certifies that he read this part of it in the testator's presence, and before its execution, to the defendant, and asked him if it was right, and he said it was, and upon being asked what claims he had against the place, answered $600, besides $100 for repairs and $44.08 for taxes, and that he had received from the testator the whole amount with interest of the note to Dolan, except $80, and that the testator had paid the note to Mrs. McGovern. The other material testimony may be taken as stated on the defendant's brief, namely, that the defendant repeatedly " admitted that he bought the place for John B. McDonough and

that he meant to assist or help him; " that " the defendant said McDonough wanted him to buy the place for him," " that he had always wanted John to take the deed, but he had not paid up ;" and " that he was ready to fix up the place when McDonough was ready to pay up." The master also reports that the defendant was present at the hearing before him, but did not offer to testify.

From this evidence the master, who heard all the witnesses, was warranted in finding as matter of fact that the money paid by the defendant for the land was lent by him to the plaintiff for the purpose, and that thus the whole purchase money was the plaintiff's money. Upon examination of the whole evidence, we see no sufficient cause for reversing the conclusion of the master, and taking the facts as found by him ; the inference of law follows that there was a resulting trust in favor of the testator, and that there must be a *Decree for the plaintiff.*