FERRIN *v.* ERROL & a.

A resulting trust in lands is valid against all subsequent purchasers or incumbrancers, with notice actual or constructive.

Possession and occupation of land is constructive notice that such possession is under a claim of title, legal or equitable.

Equity will restrain the issue or enforcement of a writ of possession against a person in whose favor there is a resulting trust in the lands described in the writ.

BILL IN EQUITY, for a conveyance from the defendants of certain lands, and an injunction to restrain Errol from taking out a writ of possession on a judgment against the plaintiff. Facts found by the court.

In 1863 Bragg, one of the defendants, bought the land for the plaintiff, who paid $100 of the purchase-money, and the balance was paid by Bragg, as a loan to the plaintiff, secured by the deed of the premises, with the understanding that when the plaintiff paid it Bragg was to convey to him. The plaintiff has since paid it.

July 30, 1868, the premises were attached in a suit of Errol against Bragg. Judgment was recovered against him, and an execution was issued, which was levied upon the premises in dispute. Errol then brought a writ of entry against the plaintiff, and recovered judgment. The plaintiff has been in possession of the premises, occupying them under a claim of title, since the purchase by Bragg in 1863.

The court found that the plaintiff was entitled to a decree, and the defendants excepted.

*Ray, Drew & Jordan,* for the defendants.

*Ladd* and *Dudley,* for the plaintiff.

STANLEY, J. Upon the facts found by the court, there was a resulting trust in favor of the plaintiff when the purchase was made by Bragg. *Scoby* v. *Blanchard,* 3 N. H. 170; *Pritchard* v. *Brown,* 4 N. H. 397; *Page* v. *Page,* 8 N. H. 187; *Gove* v. *Law-*

rence, 26 N. H. 484; McDonough v. O'Niel, 113 Mass. 92; Kendall v. Mann, 11 Allen 15; Blodgett v. Hildreth, 103 Mass. 484; Bigelow on Fraud 108, 109, 110; Story Eq. Jur., s. 1201; Perry on Trusts, 1st ed., c. 5. And this trust will follow the estate in the hands of all, with notice actual or constructive. Bigelow on Fraud 113; Perry on Trusts, ss. 217, 828; 2 Lead. Cas. in Eq., H. & W., notes 136, 182.

The defendants do not stand in the position of parties without notice; for the possession and occupation by the plaintiff was constructive notice that he was in under a title, either legal or equitable. Patten v. Moore, 32 N. H. 382; Doe v. Doe, 37 N. H. 268, 282; 2 Lead. Cas. in Eq., H. & W., notes 164, 165; Perry on Trusts, s. 223. Nor will the fact that Errol has obtained judgment against the plaintiff, in the writ of entry, deprive him of relief. Story Eq. Jur., s. 874; Kerr on Inj. 23. The defendants invoke in their aid the maxim that "where the equities are equal the law must prevail;" but that maxim does not apply here. The equities are not equal. The defendants are here, claiming through Bragg, with constructive notice of his title. As against the plaintiff he has no title, and the defendants stands no better than he does.

*Exception sustained.*

Doe, C. J., did not sit: the others concurred.