No. 8840.

FRENCH ET AL. *v.* SHEPLOR ET AL.

GUARDIAN AND WARD.—*Trust and Trustee.*—Where a guardian purchases lands for himself, upon his own credit, and takes a conveyance, and afterwards, in violation of his duty, uses the money of his wards in payment of the purchase-money, no trust in the lands results or arises in favor of the wards.

SAME.—*Lien.—Redemption.—Subrogation.*—Where a guardian applies the money of his wards in the discharge of liens upon his own lands existing when he purchased, and which he had agreed with his vendor at the time of his purchase to pay, or in redeeming the lands from other liens, the wards are not entitled to be subrogated to the rights of the lien-holders.

From the Morgan Circuit Court.

*G. A. Adams, J. S. Newby, C. Byfield* and *L. Howland,* for appellants.

*J. V. Mitchell, W. R. Harrison* and *W. E. McCord,* for appellees.

MORRIS, C.—The appellants sued the appellees for the purpose of asserting as against them a lien on certain real estate situate in Morgan county. The amended complaint consists of three paragraphs.

The first paragraph states that, on the 26th day of August,

1874, Evaline Sheplor, then the wife of the defendant Henry Sheplor, and the mother of the plaintiffs, Dora I. French, whose maiden name was Dora I. Sheplor, Seymour A. Sheplor and Darius E. Sheplor, died intestate, at said county of Morgan, leaving surviving her, as her heirs, the above named plaintiffs and children and her husband, the said Henry Sheplor; that, at the time of her death, the said Evaline held a life insurance policy, payable at her death to her heirs; that, at the time of her death, all of her said children were minors; that, on the 31st day of August, 1874, the said Henry Sheplor was duly appointed the guardian of the persons and estates of the said Dora I., Seymour A. and Darius E. Sheplor, by the proper court; that he qualified as such guardian and accepted and entered upon his said trust; that, on the 4th day of November, 1874, their said guardian, as such, received on said policy the sum of $3,333⅓, as the amount due the plaintiffs as his wards on the same; that he afterwards, in 1875, received for them the sum of $47.

It is further stated that, on the 18th day of September, 1874, the said Henry Sheplor purchased from one Henry H. Haase the following real estate, situate in Morgan county, to wit: The northeast quarter of section 27, township 11 north, of range 2 west, except three and one-third acres; also, thirty acres off of the south end of the east one-half of the southeast quarter of section 22, township and range aforesaid, except some three acres which are particularly described, and at the time procured from the vendor a warranty deed for said land; that, by the terms of the purchase, said Sheplor agreed to pay Haase $6,000 of purchase-money, during the month of March, 1875; that Sheplor did, in March, 1875, pay said sum of $6,000; that $4,000 of the sum so paid was the money of the plaintiffs, Dora I., Seymour A. and Darius E. Sheplor, which the said Henry Sheplor then had in his hands as their guardian, and which, in violation of his duty as their guardian, he invested in said land, without their knowledge or consent; that said guardian has held and used said land and received

the rents and profits of the same, and refused and still refuses to account to the plaintiffs for said money so invested, or the rents of said land; that, on the 22d day of January, 1876, said Henry Sheplor and his then wife conveyed by warranty deed to the plaintiffs, Dora I., Seymour A. and Darius E. Sheplor, the west one-half of the northeast quarter of said section 27, except $3\frac{38}{100}$ acres out of the southwest corner, which was intended by the guardian, Henry Sheplor, to be in part payment of their money invested by him in said land; that the land so conveyed was worth only $2,000; that, on the 16th day of November, 1875, and before Sheplor and wife conveyed to the plaintiffs, the defendant, the First National Bank of Martinsville, recovered a judgment against said Henry Sheplor and others, in the Morgan Circuit Court, for $1,225 and costs, with ten per cent. interest, which judgment, interest and costs were, at the commencement of this suit, unpaid; that, on the 29th day of March, 1879, after the commencement of this suit, said bank caused an execution to be issued on said judgment, by virtue of which the sheriff of said county levied upon all of the land above described; that he sold to William R. Harrison the northeast quarter of the northeast quarter of said section, and to the defendant James M. Mitchell the balance of the land conveyed by said Haase and wife to the defendant Henry Sheplor; that the sums paid by said purchasers equalled the full amount of said judgment, interest and costs; that the purchasers each had due notice at the time of the pendency of this suit, that the money of the said Dora I., Seymour A. and Darius E. Sheplor had been placed in said land by the said Henry Sheplor as their guardian, and that he held the land in trust for them.

It is alleged in the complaint that the other defendants have obtained judgments against the defendant Henry Sheplor, but that they are all junior to the claim of the plaintiffs, and were obtained subsequently to the investment of their money in said real estate; that said judgments are unpaid, and liens junior to the plaintiffs.

The second paragraph of the complaint is like the first, except that it sets up, in addition to the facts alleged in the first, that the defendant Sheplor purchased the land from Haase, with an agreement that he would redeem the same from a prior sale, under a foreclosure proceeding, at which the defendant Mitchell had become the purchaser, and held a certificate of purchase, the amount paid for said redemption to be credited on the purchase-money, and the balance only to be paid to said Haase, the grantor; that he, Sheplor, did so redeem the land from Mitchell, and in so doing paid, to redeem said land, all of the plaintiffs' money in his hands as their guardian, Mitchell having full knowledge of all the facts. The prayer of the second paragraph is, that the plaintiffs be subrogated to the benefits of the mortgage from which the money redeemed the land.

The third paragraph states, in addition to the facts alleged in the first paragraph, that upon the purchase of the lands by Sheplor from Haase, the latter took no security from Sheplor, but retained and held a vendor's lien for the unpaid purchase-money; that Sheplor subsequently paid off the purchase-money, using the trust money in his hands as guardian of the plaintiffs, to pay the same. The prayer is that the plaintiffs may be subrogated to the rights of the vendor.

Both the second and third paragraphs set up various subsequent titles, claimed by the several defendants, upon sales upon judgments and foreclosure decrees upon mortgages given by Sheplor after the alleged misapplication of the trust funds to the purchase or redemption of said lands, and charge notice of such misapplication on the part of each defendant by whom the purchases were made.

The defendants demurred separately to each paragraph of the complaint, on the ground that neither paragraph contained facts sufficient to constitute a cause of action.

The defendant Harrison filed a separate demurrer to each paragraph of the complaint, as did the defendant Mitchell.

The court sustained the demurrers to the first paragraph of

the complaint, to which the plaintiffs excepted, and overruled them to the second and third paragraphs, and the defendants excepted.

The defendants Mitchell and Harrison answered the second and third paragraphs of the complaint in two paragraphs. They also filed a cross complaint in one paragraph. The defendants Mitchell, Harrison and Griffith answered jointly by general denial.

The appellants demurred to the second paragraph of the answer of Mitchell and Harrison. They also demurred to the cross complaint of Mitchell and Harrison. The demurrers were overruled, and the appellants excepted.

The plaintiffs below replied to the answer of Mitchell and Harrison by a general denial, and answered the cross complaint in two paragraphs, the first being a general denial.

Mitchell and Harrison filed a demurrer to the paragraph of the answer to their cross complaint. The court overruled the demurrer.

Mitchell and Harrison replied in one paragraph to the appellants' answer to their cross complaint.

All the defendants except Mitchell, Harrison and Griffith answered the complaint by a general denial.

The appellants demurred to the reply to their answer to the cross complaint. The court overruled the demurrer, and they excepted.

The cause was submitted to a jury for trial, who returned the following verdict:

"We, the jury, find for the plaintiffs as follows: That $2,-940 of plaintiffs' money is a prior lien on said 190 acres, except as to said Mitchell and Reed mortgage. We find in favor of S. S. Griffith. We find that plaintiffs' said $2,940 went into the said 190 acres, at the rate of $15.47 per acre.; that plaintiffs' prior lien on said 106 acres of said land amounts to and was of the value of $1,689.82, on April 14th, 1875.

"MERWIN ROWE, Foreman."

The jury answered a number of interrogatories propounded

French *et al. v.* Sheplor *et al.*

by the parties and the court, from which it appeared that Henry Sheplor was appointed guardian of the appellants in August, 1874; that he purchased the land in controversy from Haase on the 18th of September, 1874, and on that day received a warranty deed for the same; and that he did not receive any portion of the appellants' estate until the 4th of the following November. It will not be necessary to notice further the special finding of the jury.

The appellants moved the court for judgment upon the verdict. The motion was overruled. The appellants also moved the court for judgment upon the general verdict for $2,940. This motion was overruled.

The appellants also moved for judgment for $1,639.82 against the appellees Harrison and Mitchell, which was overruled.

The court then, on motion of the appellees, rendered judgment in their favor and against the appellants for costs.

The errors assigned question the rulings of the court upon the demurrer to the first paragraph of the complaint, on the demurrer to the second paragraph of the answer of Mitchell and Harrison, and on the demurrer to the cross complaint of Harrison and Mitchell, and on the several motions made by appellants for judgment. The rendering of judgment for the appellees and against the appellants is also assigned as error.

Did the court err in sustaining the demurrer to the first paragraph of the amended complaint?

It is stated in this paragraph, that Sheplor was appointed guardian of the appellants on the 31st day of August, 1875. On the 18th day of September, 1874, before he had received any of the funds belonging to his wards, he purchased in his own name and upon his own credit 190 acres of land, the land now in dispute, of one Haase for $9,000, agreeing to pay $6,000 of the purchase-money on the — day of March, 1875. He received from Haase and wife a deed for the land on the 18th day of September, 1874, the day on which he made the purchase. On the 4th of November, 1874, Sheplor received

as guardian, on the policy of insurance for his wards, $3,-333⅓. It is averred in the first paragraph of the complaint that Sheplor, in making this payment of $6,000 of purchase-money, used $4,000 belonging to his said wards.

It is claimed by the appellants that this $4,000, thus applied in discharge of the purchase-money due on the land in dispute, so went into and became a part of the land as to impress upon it a trust in their favor; that a trust thus arising, is somewhat anomalous, not altogether a resulting or implied trust, and that, therefore, it is not necessary that it should spring from the original transaction by which the title passed from Haase to Sheplor; that it is enough if the funds have been at any time applied in payment of the purchase-money of the land.

On the other hand, the appellees, in substance, contend that, upon the facts stated, no trust can arise, for the reason that the title to the land in controversy passed to Sheplor on the 18th day of September, 1874, before he had in his hands any part of said trust funds; that he in fact bought the land for himself, upon his own credit and not in trust for any one; that the use of the wards' money in paying out the purchase-money was the application of the trust funds to the payment of his debt, and that no trust in the land can result or arise from such use of the trust fund; that after the legal title has once passed to the purchaser by deed it is impossible to create a resulting trust by the application of trust funds to the subsequent payment of the purchase-money; that the trust insisted upon by the appellants must be, if a trust at all, a resulting trust.

We have examined carefully the contested question and the authorities referred to by counsel, and have come to the conclusion that the position of the appellees is sustained by the decided weight of authority. Dicta may be found which seem to sustain the view of the appellants, but we have been unable to find an adjudged case in direct support of it, or which holds that the application of trust funds by the trustee

to the payment of purchase-money due on land previously sold and conveyed to him upon his own credit, creates a trust in the land in favor of the *cestui que trust.*

In the case of *Tilford* v. *Torrey*, 53 Ala. 120, in which a *cestui que trust* asserted a right to follow funds into lands, the court says: "To create the equity either to charge the lands, or to raise a resulting trust, a payment of the trust funds at the time of the purchase is indispensable. A subsequent payment by the trustee of the debt he may have contracted in the purchase of the lands, will not by relation attach any trust or lien to the original purchase."

In the case of *Lehman* v. *Lewis*, 62 Ala. 129, in speaking upon the subject, the court says: "The resulting trust, not within the statute of frauds, and which may be shown without writing, is when the purchase is made with the proper moneys of the *cestui que trust*, and the deed not taken in his name. The trust results from the original transaction at the time it takes place, and at no other time; and it is founded on the actual payment of money, and on no other ground. It can not be mingled or confounded with any subsequent dealings whatever."

Here the purchase is shown to have been made, not with the proper funds of the appellants, but upon the credit of Sheplor himself, before he had received any money belonging to the appellants.

In the case of *Botsford* v. *Burr*, 2 Johns. Ch. 405, Chancellor KENT says: "The trust must have been coeval with the deeds, or it can not exist at all."

In the case of *Coles* v. *Allen*, 64 Ala. 98, the court says: "The authorities in this court, and elsewhere, following this clear statement of principle" (referring to Kent), "certainly leave no room for doubt, that a resulting trust springs from the *original transaction*, and that it is impossible to raise it, so as to divest the legal estate, by the application of the funds of a

VOL. 83.—18

third person, whether he is a principal or a *cestui que trust,* to satisfy the unpaid purchase-money."

In the case of *Blodgett* v. *Hildreth,* 103 Mass. 484, the court say : "The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase."

In the case in hearing the contract of purchase was made long before the trust came to the possession of Sheplor, upon his credit and not with the trust fund.   It could not, therefore,. have been applied pursuant to the contract of purchase.

In *Rogers* v. *Murray,* 3 Paige, 390–398, the court says : "After the legal title has once passed to the grantee by deed it is impossible to raise a resulting trust so as to divest that legal estate, by the subsequent application of the funds of a third person to the improvement of the property, or to satisfy the unpaid purchase-money. The resulting trust must arise, if at all, at the time of the execution of the conveyance."

The fund in controversy was a trust fund.   We conclude that the court did not err in sustaining the demurrer to the first paragraph of the complaint.

The appellants say correctly, we think, that the second and third paragraphs of the complaint are, in substance and legal effect, the same as the first. It follows, therefore, that the demurrers to these paragraphs, which were overruled by the court below, should have been sustained.

We do not think that, upon the application of the appellants' money by the guardian to the payment of the claims against the land for purchase-money, or in redeeming it from other liens, they are entitled to be subrogated to the rights of such claimants.   Perry Trusts, section 842.

The jury, in answer to interrogatories, found that Sheplor purchased the land in controversy on the 18th day of Sept., 1874, and that he did not receive any part of the appellants' estate until the 4th of November following ; that a portion of the appellants' money held by him as their guardian was, in

violation of his trust, applied in discharge of the amount which he had agreed with his vendor to pay the appellee Mitchell as part of the purchase-money for said land.

Upon the facts thus found, no trust in the land could result or arise in favor of the appellants. It follows, therefore, upon the facts found by the jury, that the court did not err in overruling the appellants' motion for judgment, nor in rendering judgment in favor of the appellees, and against the appellants for costs.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.