JAMES W. DUDLEY *vs.* JULIA DUDLEY.

Suffolk.    December 11, 1899. — April 17, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Resulting Trust — Finding by Justice after Verdict on Issues of Fact submitted to Jury.*

A resulting trust will not be declared in favor of a person who causes land to be conveyed to a woman, not his wife or related to him, in consideration of a cash payment by him of a part of the purchase price and of a note and mortgage given by her to the grantor to secure the balance, although he intends, and she

agrees, but not in writing, that the title taken by her in her own name shall be held by her for his benefit.

Although a verdict rendered upon issues of fact submitted to a jury in a suit in equity, if not set aside, is regarded as settling the facts so put in issue and is conclusive upon those issues, yet a justice who afterwards hears the case may, upon the evidence before him, find other material facts not inconsistent with the findings of the jury.

BILL IN EQUITY, filed December 17, 1897, seeking to compel the defendant to convey to the plaintiff certain land held by her upon an alleged trust for him.

The bill alleged that the defendant, whose real name was Julia Sylvester, had lived with the plaintiff a great many years as his housekeeper, and had been paid by him for her services as such; that during that time, although no marriage had been solemnized between them, she had become known as Julia Dudley and as the wife of the plaintiff; that on December 10, 1884, the plaintiff caused certain land situated in Winchester to be conveyed by one Smith to the defendant by a deed in which she was described as his wife; that she had thereafter refused to comply with the request of the plaintiff to convey the land to him, and claimed it as her own property. The prayer of the bill was that the defendant might be ordered, as a trustee, to convey the land to the plaintiff.

By the deed referred to in the bill, the land in question was conveyed by one Caroline M. Smith in fee simple to "Julia Dudley, wife of James W. Dudley of said Boston, in her own right." The answer of the defendant denied that she had lived with the plaintiff as his housekeeper, or had been paid anything by him for her services as such, or that she had consented to become or act as a trustee for him, and alleged that she had lived with him as, and in the full belief that she was, his wife, and that she had never signed any instrument in writing creating or declaring a trust as required by statute.

Hearing in the Superior Court, at which, upon the motion of the defendant, issues of fact were framed and submitted to the jury as follows:

1. Did Julia Dudley live with James W. Dudley as his housekeeper? 2. Did James W. Dudley pay Julia Dudley for services rendered as housekeeper? 3. Did Julia Dudley believe that she was the wife of James W. Dudley? 4. Did Julia Dudley

live with James W. Dudley as his wife?   5. Did Julia Dudley ever agree or consent to hold· the land described in the petitioner's bill for the benefit of James W. Dudley?   6. Did Julia Dudley receive by said conveyance the sole interest in the land? 7. Did she receive it for the benefit of James W. Dudley? 8. Was any instrument in writing signed by the defendant or by her attorney creating ·or declaring this trust?

The jury to whom the issues were submitted were instructed by *Hardy*, J., in substance, that they were to consider the transaction as it occurred on December 10, 1884, and if they were satisfied that the plaintiff advanced the entire consideration for the land and paid for it with his own money, and the defendant paid none of her own money therefor, they should find that there was an ·implied agreement created by law that she held the land in trust for the plaintiff; but if, it being shown that she gave her own note and mortgage in part payment for the conveyance, they found that prior to December 10, 1884, the plaintiff gave or loaned her the money, or that she advanced her own money, for the purchase of, and payment for, the whole or a part of the land, they should find that there was no implied agreement created by law that the land was held in trust for the plaintiff.

The jury answered the first, second, third, sixth, and eighth issues in the negative, and the fourth, fifth, and seventh in the affirmative.

After the verdict on the issues of fact the case was further heard in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions in substance as follows.

· The plaintiff offered in evidence a copy of the charge of the judge presiding at the trial of the issues of fact, and the defendant, subject to the exception of ˙the plaintiff, offered evidence tending to show that, at the time of the conveyance and the cash payment of $1,000, the defendant gave her note and mortgage to the grantor for $2,800 as part of the consideration for the conveyance. to her.

The judge found upon this evidence that the defendant by giving her note and mortgage paid a part of the˙ consideration for the conveyance, and entered a decree dismissing the bill. The plaintiff alleged exceptions.

*H. P. Harriman & H. E. Perkins,* for the plaintiff.

*M. Storey,* for the defendant.

BARKER, J.  The whole record before us shows that the plaintiff's contention to have a resulting trust declared in his favor rests upon the fact that in the year 1884 he caused the land to be conveyed to the defendant in consideration of a sum of $1,000 furnished by the plaintiff, and of a note and mortgage made by the defendant for the balance of the purchase money, amounting to $2,800, the plaintiff intending, and the defendant agreeing, but not in writing, that the title taken by the defendant in her own name should be held by her for the benefit of the plaintiff.

Upon this state of facts he has no right to have a trust declared in his favor, for the reason that a part of the consideration only was furnished by himself, and the rest of the consideration was furnished by the defendant.  The case stated is governed by the decision of *McGowan* v. *McGowan,* 14 Gray, 119; *Bourke* v. *Callanan,* 160 Mass. 195.  It is to be distinguished from *McDonough* v. *O'Niel,* 113 Mass. 92, by the circumstances that in the present case, when the purchase was made from the defendant's grantor the land was unencumbered, and the note and mortgage made by the defendant were given as payment in part of the purchase price of unencumbered land, while in *McDonough* v. *O'Niel* the purchase was of an equity of redemption, and the note and mortgage given by the grantee were not given to his grantor, and were no part of the price paid for the conveyance, but were given to the former mortgagee in substitution for his former mortgage.  See *Bourke* v. *Callanan,* 160 Mass. 195, 196.

Therefore the bill was rightly dismissed if the fact that part of the consideration of the conveyance to the defendant was her note and mortgage given to her grantor in part payment of the price of the land, was not inconsistent with the findings of the jury upon the issues theretofore submitted to them.  When issues of fact are submitted to a jury in an equity suit, and a verdict is rendered upon the issues and is not set aside, the verdict is regarded as settling the facts so put in issue.  The verdict is conclusive upon those issues.  But the justice who hears the cause may, however, find upon the evidence before him any other material facts not inconsistent with the findings of the jury.

*Franklin* v. *Greene*, 2 Allen, 519.    *Ross* v. *New England Ins. Co.* 120 Mass. 113.    *Langmaid* v. *Reed*, 159 Mass. 409.

Assuming that the charge given to the jury at the trial of the issues is competent to show what facts they determined in finding as they did, it is plain, from an examination of the copy of the charge put in evidence by the plaintiff, that there was no dispute at that trial, that the defendant did in fact give her own note and mortgage in part payment for the conveyance ; and that the findings that she did not receive the sole interest, and took the title for the plaintiff, as the case was submitted to the jury, amounted merely to this, that there was a resulting trust, implied by law and to which the defendant had impliedly assented, because the plaintiff had himself furnished all the cash part of the consideration given for the conveyance.

This being so, we think the justice who heard the case after the findings had been made could receive the evidence which he admitted, and upon it could dismiss the bill.

*Exceptions overruled.*