DANIEL J. LYNCH & another *vs.* MICHAEL J. LYNCH & others.

Suffolk.   March 21, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Trust,* Resulting.   *Fraud.*

Three brothers, desirous of providing a home for their parents, purchased certain real estate and, by mutual consent and agreement, caused it to be conveyed to their father, who, as well as all the family, knew that it was not a gift to him and that his sons had an interest in the property. Each of the three sons advanced a certain amount of money toward the purchase price of the property and the payment of a mortgage to which it was subject.   It was agreed that, after the death of their parents, each brother was to be paid from the proceeds of a sale of the property the amount which he had contributed toward the purchase price. Two of the brothers paid into the hands of the third money for the discharge of a mortgage and he applied such sums for the purchase of the mortgage and note and, instead of having the mortgage discharged, caused it to be assigned to himself without the knowledge or consent of his brothers and caused the father to convey the property to him. Twelve years later and about a month after the death of the father, the third brother conveyed the property to his wife without consideration.   Upon a bill in equity by the other two brothers seeking a discharge of the mortgage, a sale of the property and the establishment of a trust in the proceeds in accordance with the respective rights of the parties, it was *held,* that

(1) A resulting trust might be established in favor of all the brothers who had furnished the consideration price for the real estate to the extent of their respective contributions, even if the deed was taken in the name of the father; and the plaintiffs, by reason of their not being parties to the deed, were not estopped by its recitals;

(2) It was wholly unnecessary to the establishment of the trust that the consideration furnished by the brothers should be money advanced or paid at the time of the conveyance;

(3) It was manifest that the money furnished by the plaintiffs to pay the mortgage was not lent to their father but formed part of the purchase price;

(4) The acts of the defendant in obtaining the deed, as well as the conveyance to his wife, were fraudulent as to the plaintiffs and their rights were to be ascertained as if the intestate had died seised of the property;

(5) It was proper to enter a decree for the plaintiffs.

BILL IN EQUITY, filed in the Superior Court on April 4, 1923, and afterwards amended, by Daniel J. Lynch and James Lynch, Jr., seeking a decree ordering the defendant Michael J. Lynch to cancel a mortgage of real estate described in the opinion and that his wife, Mary Lynch, be adjudged to hold the real estate in question in trust for the plaintiffs and Michael J. Lynch, and that the property be sold and a division be made of the proceeds in accordance with contributions by the respective parties toward the purchase of the property.

The suit was heard in the Superior Court by *Morton,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material findings by the judge are described in the opinion. By order of the trial judge, a final decree was entered that the mortgage be discharged by Michael J. Lynch, that Mary Lynch convey the property to Michael J. Lynch to hold in trust for the benefit of Abigail Lynch, mother of the plaintiffs and of Michael J. Lynch, for her life, and that on her death the property be sold and the proceeds divided in accordance with the investments made therein by the plaintiffs and by Michael J. Lynch severally. The defendants Michael J. Lynch and Mary Lynch appealed.

*W. J. Day,* (*J. W. King* with him,) for the defendants.

*S. Gottlieb,* for the plaintiffs.

BRALEY, J. The defendants, with the exception of Michael J. Lynch and Mary Lynch, his wife, in their answer admit the material allegations of the bill and further state " that they desire to have carried out the agreement referred

to in this bill of complaint, and desire that the proportional interest of the plaintiffs in said real estate be established in accordance with said agreement." But the two above-named defendants in their " second substitute answer," while admitting the allegations in the first paragraph, substantially deny the material allegations of the remaining seven paragraphs and also plead the statute of frauds. The judge, however, whose findings of fact on the evidence, which was taken by a commissioner, are not attacked by them, states that the plaintiffs, Daniel J. Lynch, James Lynch, Jr., and the defendant Michael Lynch are brothers, and that, being desirous of providing a home for their parents who were about to emigrate to this country, they purchased the real property which is described in the bill for $2,800; and that by mutual consent and agreement a deed of the property was taken in the name of their father, James Lynch. Michael advanced $800 of the amount of cash required for the purchase, and it was agreed between the brothers that each of the plaintiffs should pay what he could towards the mortgage of $2,000 to which the property was subject and that, after the death of their parents, each brother was to be paid from the proceeds of the sale of the property the amount which he had contributed towards the purchase price. While the father may not have been informed of the exact terms under which the conveyance was made, yet he, as well as all the family, knew that it was not a gift, and that his sons had an interest in the property.

James Lynch, the father, died intestate on February 12, 1923, leaving a widow who is one of the defendants. The plaintiff Daniel J. Lynch from time to time contributed various sums amounting to $520 toward the liquidation of the mortgage; and the plaintiff James Lynch, Jr., also has paid $800 in the same way and for the same purpose. The defendant Michael J. Lynch received these payments and applied them in satisfaction of the mortgage with accrued interest, and the remainder of the mortgage debt was contributed by him. The mortgage note or debt was paid on March 8, 1911; but the mortgage was not cancelled. It was assigned to Michael without the knowledge or consent of the

plaintiffs, and on March 29, 1911, James Lynch, the father, gave a quitclaim deed to Michael which was not recorded until February 5, 1923, a week before the intestate's death. On March 27, 1923, without consideration, Michael conveyed the property to his wife, the defendant Mary Lynch.

It is clear on these findings, which are amply supported by the testimony of the plaintiff Daniel J. Lynch, that Michael secretly acquired title from his father with knowledge that the plaintiffs had contributed substantial payments toward the purchase price in accordance with the original understanding and agreement of the parties; and that Mary Lynch, not being a purchaser for value but a volunteer, has no better title than her husband. The judge on these facts further found and ruled that the property was subject to a resulting trust in favor of the plaintiffs to the extent of their respective contributions.

The sole contention of the defendants is that the failure of the plaintiffs to pay any part of the purchase price when title passed to the father, as well as the absence of any agreement as to the aliquot shares, is decisive that no resulting trust was established and that the ruling was wrong. A trust may be established in favor of one who furnishes the consideration, even if the deed is taken by a third party, and the plaintiffs, not being parties, are not estopped by the recitals in the deed to their father. *Blodgett* v. *Hildreth*, 103 Mass. 484, 487. The intention of the parties who directed the transaction controls. The defendant, Michael, was not buying for himself. It was mutually understood that the money he advanced in cash to obtain the equity was only part of the purchase price; the entire amount being the cash payment and the outstanding mortgage, to the payment of which all were to contribute. The trust, which may be shown by parol evidence, at its inception, was entered into in good faith and in furtherance of fair and honest dealing. *Black* v. *Black*, 4 Pick. 234. It was wholly unnecessary that the consideration furnished by the plaintiffs should be money advanced or paid at the time of the conveyance. It is sufficient if that which in fact formed part of the consideration for the transfer moved from the

plaintiffs for whose benefit a trust for the amount actually contributed by each of them existed. *Blodgett* v. *Hildreth, supra. McDonough* v. *O'Niel,* 113 Mass. 92. See *Boston & Northern Street Railway* v. *Goodell,* 233 Mass. 428, 437.

It is manifest that the money furnished to pay the mortgage was not lent to their father, but, as we have said, formed part of the purchase price, and the contributions gave to each of them a proportional interest in the real estate, susceptible of calculation and easily ascertainable. *Blodgett* v. *Hildreth, supra. Hayward* v. *Cain,* 110 Mass. 273. *Skehill* v. *Abbott,* 184 Mass. 145. *Pollock* v. *Pollock,* 223 Mass. 382.

The acts of Michael, in obtaining the deed as well as the conveyance to his wife, were fraudulent as to the plaintiffs and their rights are to be ascertained as if the intestate had died seised of the property. If the plaintiffs are entitled to prevail, the defendants do not question the frame and scope of the decree which, for the reasons stated, should be affirmed with costs.

*Ordered accordingly.*