PHILIP COHEN *vs.* ISAAC SIMON & others.

Suffolk.    October 3, 1939. — November 28, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Master: findings; Appeal.  *Trust,* Resulting.

A master's conclusion based solely on the subsidiary facts set out in his
   report is open to revision by a judge of the trial court and by this
   court on appeal.
Facts did not warrant a conclusion that one, who purchased real estate
   for cash and the assumption of an existing mortgage which he later
   paid, lent his sister the amount of the cash payment and accordingly
   purchased with her money so that he held the property on a resulting
   trust for her.

BILL IN EQUITY, filed in the Superior Court with a trustee
writ dated February 15, 1938.

The plaintiff appealed from a final decree dismissing the
bill, entered by order of *Greenhalge,* J.

*S. Miller,* (*E. Miller* with him,) for the plaintiff.

*J. C. Johnston,* (*A. A. Ginzberg* with him,) for the de-
fendants.

COX, J.    This is a bill in equity for an accounting by the
defendants, including Isaac Simon and his wife, Rose, of
transactions in relation to certain real estate alleged to have
been purchased in such circumstances that although the
title was taken in the name of the defendant Isaac Simon,
hereinafter referred to as Simon, nevertheless he held as
trustee for the plaintiff's mother, who died prior to the
bringing of the bill leaving as her heirs at law the plaintiff
and three of the defendants.    The bill also sought to have
set aside a mortgage given by the plaintiff's mother to
Simon, the allegation being that the mortgage was obtained
by fraud.    The master, to whom the case was referred,
decided the matter of the alleged fraud adversely to the
plaintiff, and at the argument the plaintiff stated that
any question as to the validity of the mortgage was no
longer an issue.    The statute of frauds is pleaded.

The master's report contains no report of the evidence and the case turns upon his findings relative to the purchase of the premises in question. The subsidiary findings are that in 1914 the plaintiff's mother, who was also the sister of Simon, told the latter that she wished to borrow from him the sum of $1,000 with which to buy the property, and that she could purchase the same by the payment of $1,000 in cash and by giving back a mortgage of $2,000. At that time she owned the adjoining property and told her brother of her plan to build another oven in the property she desired to purchase, to break through the partition walls between the properties and thereby to enlarge her operations in the bakery business. Simon consulted his attorney and "decided, in order to secure himself, to take title in his own name." He told his sister "I will buy the property in my name, and any time you pay me back the money you owe me on both parcels, I will turn the property back on your own name." His sister at that time owed him $400 on a chattel mortgage and $600 on a mortgage on the adjoining premises. The master found that "pursuant to said conversation and at the request of Tina Cohen, and solely to enable her to enlarge her bakery business, Isaac Simon purchased for Tina Cohen the property . . . , and took title in his own name, and advanced the $1,000 for the purchase thereof." He also found "from the subsidiary facts herein reported that this was a loan by Isaac Simon to Tina Cohen." Simon purchased the property in the circumstances hereinafter related. Immediately after the conveyance to Simon, his sister took possession and made substantial repairs and changes in the premises. She built a new brick oven for which Simon advanced $1,400. From the time of the purchase down to the date of her death on May 14, 1928, and thereafter down to the date of the death of her husband on March 24, 1930, she and then her husband managed the property and paid all the expenses and costs of maintenance, although Simon at times lent her money to help pay the taxes and expenses. (See *Barnard* v. *Jewett*, 97 Mass. 87.) After the death of the husband, Simon sold the real estate, and, after several mortgage transactions

and sales, the defendant Levine became the *bona fide* purchaser.

The master's report was confirmed by interlocutory decree and a judge of the Superior Court found "upon the same subsidiary facts" that the transaction did not involve a loan from Simon to his sister and that there was no resulting trust arising from the purchase of the premises in question. A final decree was entered dismissing the bill, from which the plaintiff appealed.

Inasmuch as it appears from the report itself that the master's conclusion, that the $1,000 paid by Simon at the time of the purchase amounted to a loan by him to his sister, is based upon "the subsidiary facts herein reported," it was left for this court on appeal, to draw additional or different conclusions of fact from the facts found by the master unaffected by the conclusions either of the master on the one hand, or of the trial judge on the other. *Robinson* v. *Pero*, 272 Mass. 482, 484. *MacLeod* v. *Davis*, 290 Mass. 335, 337. Compare *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435–436.

We reach the same conclusion as did the trial judge. It is settled that "Where land conveyed by one person to another is paid for with the money of a third, a trust results to the latter, which is not within the statute of frauds. It is sufficient if the purchase money was lent to him by the grantee, provided the loan is clearly proved." *McDonough* v. *O'Niel*, 113 Mass. 92, 95. Such a trust must arise, if at all, at the time of the execution of the deed, although it has been held that actual payment of consideration may take place later in accordance with an understanding at the time of the deed. *Moat* v. *Moat*, 301 Mass. 469, 472, and cases cited. The purchase of the property in question was consummated in the following manner, as the master has found: Simon advanced $1,000; the owner conveyed to a straw who gave a mortgage to the owner's wife, and on the same day the straw conveyed to Simon subject to the mortgage, "which mortgage, for the convenience of Tina Cohen, Isaac Simon agreed to pay." Simon waived demand and notice and indorsed the mortgage note which

he subsequently paid. Unless by inference, which we think is unwarranted, there is no finding that his sister ever promised to pay Simon the amount of the mortgage or to indemnify him. Compare *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 516. An examination of the entire transaction leads us to the conclusion that Simon bought the property as his own upon an oral promise to his sister to convey to her at some future time upon conditions that were never performed.

Our conclusion that the transaction as to the $1,000 did not amount·to a loan distinguishes the case from cases like *McDonough* v. *O'Niel*, 113 Mass. 92. In that case it appeared that the money paid by the defendant for the land was lent by him to the plaintiff for the purpose and that, therefore, the whole purchase money was the plaintiff's. But in that case, as was pointed out in *Bourke* v. *Callanan*, 160 Mass. 195, 196, the purchase was of an equity of redemption for cash, not of unencumbered land for cash and a mortgage back, and the resulting trust was of the equity of redemption only. See *Dudley* v. *Dudley*, 176 Mass. 34, 37.

In the case at bar, in view of the circumstances surrounding the purchase which resulted in the giving of the mortgage and the indorsement of the note by Simon, the plaintiff would have difficulty even if we assume that the $1,000 transaction amounted to a loan. In this respect he is not helped by the case of *Gerace* v. *Gerace*, 301 Mass. 14, and by reason of the master's finding that Simon agreed to pay the mortgage for the "convenience" of his sister. In the *Gerace* case a third person signed the mortgage note, which was a part of the purchase price, for the convenience of the plaintiff who assured the third person that he would pay the note as and when it became due. It was held that this amounted to a loan of credit to the plaintiff. As already pointed out, no such situation is disclosed in the case at bar. The plaintiff, upon our assumption as to the existence of the loan, is left in a situation analogous to that disclosed in *Kennerson* v. *Nash*, 208 Mass. 393. In that case it was said, at page 398: "Where the purchase money is made up in part of cash furnished by the plaintiff

(but not for an aliquot share) and in part of a mortgage back made by the defendant, there is no resulting trust in favor of the plaintiff." Compare *Davis* v. *Downer*, 210 Mass. 573, 575, 576.        *Decree affirmed with costs.*