WALTER BARNARD vs. DWIGHT JEWETT.

A resulting trust in land must arise at the execution of the deed, and is not established by evidence of an oral promise by the grantee to convey the land to the complainant whenever the complainant should repay to him, with interest, the money advanced by him for the purchase, when it does not appear that any valid consideration was given for this promise, or that the purchase money, or any part thereof, was money of the complainant.

BILL IN EQUITY setting forth facts which are stated in the opinion, averring that they raised a resulting trust in favor of the complainant, and praying for an account from the respondent of moneys expended and received by him under such trust and that he should be decreed to convey to the complainant a certain tract of meadow land in Deerfield, which constituted the subject of the alleged trust, the complainant having demanded from him such conveyance, and he having refused to comply with the demand. The respondent filed a general demurrer, and the case was reserved by *Chapman*, J., for determination by the full court.

*S. O. Lamb*, for the respondent, cited Gen. Sts. c. 100, § 19; *Brooks* v. *Fowle*, 14 N. H. 260; *Botsford* v. *Burr*, 2 Johns. Ch. 409; 2 Washb. Real Prop. 175; *Davis* v. *Wetherell*, 11 Allen, 19.

*W. S. B. Hopkins*, for the complainant, cited Story on Eq. § 1201; *Livermore* v. *Aldrich*, 5 Cush. 431; *Page* v. *Page*, 8 N. H. 187; *Kendall* v. *Mann*, 11 Allen, 15.

CHAPMAN, J.   If we were to take this bill as alleging a written agreement between the parties, we could not dispose of the case upon demurrer. But the plaintiff's counsel admits that the agreement set forth was oral, and contends that under such an agreement the bill alleges facts sufficient to constitute a resulting trust. Such a trust must arise at the execution of the deed.

The bill avers that one Cephas Clapp was about to sell a piece of meadow land at auction, and that the plaintiff desired to purchase it, but had not funds to pay for it, and the defendant agreed with him to advance money to him to pay for it, and

take a deed in the defendant's name in trust for the plaintiff What the plaintiff agreed to do, if anything, is not stated.

It then avers that the defendant bid off the land for the plaintiff for two hundred and forty-five dollars, it being subject to a mortgage to one Dunlap for three hundred dollars and interest; and the defendant also assumed to pay the mortgage. Clapp made a deed to the defendant, and it is averred that this deed was in trust for the plaintiff. But it is not alleged that the defendant had made to the plaintiff any loan in fact, or that the purchase money was the money of the plaintiff when it was paid, or that the plaintiff had given a note or other security for it, or even made a promise to repay it. The fact that the land was paid for with the plaintiff's money does not appear; and this should appear clearly, to constitute a resulting trust.

The facts that occurred afterwards, as alleged, do not cure this defect. In pursuance of a negotiation made by the plaintiff with Experience Hawks, the defendant borrowed of her four hundred dollars, and gave her a mortgage of the land to secure the payment, and applied the money on the mortgage of Dunlap, and towards the purchase money; and the bill avers that this was done in trust for the plaintiff. But it does not appear that the trust arose out of anything other than a parol agreement of the defendant; and whether the agreement was valid, or, as before mentioned, what the plaintiff agreed, does not appear. And the fact that the plaintiff afterwards occupied the land, and rented it, and paid taxes on it, and paid interest on the Hawks mortgage, and paid the defendant a sufficient amount of rents to refund the whole purchase money, does not establish a resulting trust. Upon the principles stated in *Kendall* v. *Mann*, 11 Allen, 15, and cases there cited, we think the bill is insufficient. The allegation of the bill that the defendant agreed with the plaintiff to convey the land to him whenever he should be repaid by the plaintiff the amount of the money advanced, with interest, while it omits to state any agreement on the part of the plaintiff, tends to show that the plaintiff had at that time merely an oral promise for which no valid consideration had been given.

*Demurrer sustained and bill dismissed, with costs.*