JONATHAN PEIRCE & wife *vs.* THOMAS R. COLCORD & others.

A plaintiff owning an estate in fee, valued by the parties at $4000, and subject to a mortgage of $2810, paid the mortgage and conveyed the estate to the defendant, for a note of $1190, by an absolute deed of warranty, upon an oral trust to reconvey upon the redelivery of the note, and upon an agreement that the paid mortgage should be a valid lien upon the estate as security, with the note, for the reconveyance. Upon a bill in equity, *Held*, that the agreement for reconveyance was within the statute of frauds; and that the deed could not be set aside, or reformed; or relief granted by charging the discharged mortgage upon the land, or by decreeing the giving of other security.

BILL IN EQUITY by Jonathan Peirce and Hannah J. Peirce, his wife against the defendants, who were the administrator and the heirs at law of Joseph A. Colcord, alleging that the female plaintiff in May, 1868, was the owner in fee in her own right, of a house and land, in Salem, subject to a mortgage made by the plaintiffs to the Salem Savings Bank, to secure the note of Jonathan for $2500, dated July 13, 1857; that the tenants then occupying the house were the plaintiffs' relations, who, presuming upon that fact, neglected to pay the rent with promptness; that the female plaintiff believing that, if the estate should appear to be owned by some other person, the tenants would be more prompt in payment, determined to convey it to a friend in whom she had confidence, to hold in his name for her benefit; that she had sundry conferences upon the subject with Joseph A. Colcord, since deceased; that it was agreed between them that she should take up the mortgage and hold it herself against the estate, and then convey the estate to him by an absolute deed, that the estate should be valued at the sum of $4000, and that he should give her his promissory note for $1190, being the difference between $4000 and $2810, which was the amount supposed to be due on the mortgage; it being stated and understood by them that she, having taken up the note and mortgage, would hold the mortgage against the estate, and thus by it and by his note for $1190 be protected in case he should die or prove untrustworthy; that it was further agreed between them that he would reconvey the estate to her at any time on her demand, although he wished to be permitted to hold

Peirce *v.* Colcord.

the title for at least one year, "in order that he might not appear ridiculous in the eyes of the tenants;" that in pursuance of this agreement she furnished him with money to take up the mortgage, and he put the money into the hands of her husband and requested him to take up the mortgage, her husband having no knowledge of the particular agreement existing between his wife and Colcord; that the mortgage was accordingly taken up by the husband, May 25, 1868, and was, with the note it was made to secure, delivered up to her; that both she and Colcord supposed that she, by the payment of the mortgage and the possession of the mortgage deed, acquired the right to hold it as a subsisting lien for the amount of the debt; that so believing, May 19, 1869, she made a deed in which her husband joined, "but without any knowledge of the particular agreement between" his wife and Colcord, "and being informed by them in the matter, only so far as was necessary to obtain his signature when required in the business," conveying the estate to Colcord in fee, and he gave her in return his promissory note for $1190, on demand.

The bill alleged that the female plaintiff made the deed "inadvertently and without the benefit of her husband's advice, and that in point of fact, after the deed was prepared, she refused to sign it, and the said Joseph A. signed her name to it himself, she neither acquiescing nor objecting," and that she executed the deed with the understanding that Colcord would not put the same upon record without her further consent, and that she never gave such consent, and that Colcord put it on record without her knowledge at the time, with no fraudulent intention, however, as she believed, but because he thought it would enable him to deal more effectually with the tenants; that on the payment of the mortgage debt the bank caused the mortgage to be discharged upon the record, but that the plaintiffs were ignorant of this, and believed that the mortgage remained a valid and subsisting incumbrance in her hands against the estate, notwithstanding the payment; that the plaintiffs were unfamiliar with such transactions, and ignorant of the legal effect of such a discharge of the mortgage; that the conveyance was made by the female plain-

tiff and by Colcord with the full understanding and belief on the part of both, that if Colcord's death should occur before he had reconveyed the estate she would be enabled to recover of his representatives the amount of the promissory note for $1190, and to obtain the remainder of the consideration named in the deed by the enforcement of the mortgage against the estate ; that Colcord never took or sought to take possession of the estate or rents, but that she had always had undisputed possession and taken the rents and profits and paid the taxes, the insurance, the cost of repairs and all the other expenses ; that neither of the plaintiffs ever received any consideration for the conveyance, and that it was made and executed by the wife and obtained by Colcord under a mutual mistake on their part of the facts, and of the law, and that Colcord died suddenly in December, 1869.

The bill prayed that the deed might be set aside and cancelled upon the surrender of the promissory note for $1190 ; that the defendants, the heirs at law, might be decreed to reconvey the estate, and enjoined from taking possession of it ; or that the defendant, the administrator, might be held to repay the sum paid for taking up the mortgage, and to pay the note for $1190, and for other relief.

The defendants demurred to the bill, and afterwards the parties filed in the case the following agreement :

" It is agreed by the parties that the court in passing upon the demurrer in this cause may construe the bill as setting forth a transaction of which there is no memorandum in writing signed by the said Joseph A. Colcord or by his authorized agent."

The case was heard by *Ames,* J., on the bill, demurrer and agreement, and reserved for the consideration of the full court.

*J. A. Gillis,* for the plaintiffs, was first called upon.

*J. W. Perry,* (*A. Fitz* with him,) for the defendants.

WELLS, J. The statute of frauds forbids the maintenance of any action upon such an oral agreement as is set forth in this bill. There can be no decree for specific performance, therefore. The agreement cannot create an express trust ; Gen. Sts. *c.* 100, § 19 ; and an implied trust cannot arise against the recitals, declarations and covenants of the plaintiff's own deed. *Blodgett* v. *Hildreth,* 103 Mass. 484.

If the deed was not executed by the plaintiffs, or if it was obtained by fraud or deception, there is ample remedy at law.

The only mistake of fact shown by the bill is that the mortgage was discharged instead of being assigned to the plaintiffs or to Mrs. Peirce. But if it had been assigned to them, or to her, the whole estate, free from the incumbrance, would have passed by their subsequent deed of warranty to Joseph A. Colcord, which contained no exception of the mortgage.

If the understanding with which the money was advanced by Mrs. Peirce to pay off the mortgage be regarded as a part of the arrangement for the conveyance subsequently made, the difficulty still is that, so far as there was any agreement for her security, it was for security in a specified mode; to wit, by holding the note and mortgage so taken up. There was no agreement for any other form of security, or generally that the amount so paid should be made a charge upon the land by the deed of conveyance or any contemporaneous instrument. No relief can be afforded, therefore, by way of reforming the written instruments to make them conform to the terms of the oral agreement. The fatal mistake was in the oral agreement itself; and in substance it was a mistake of law, or of legal effect, and not of mere fact. Mrs. Peirce may have a claim against the estate of Joseph A. Colcord for the money advanced by her as a loan made to him; or for the same amount as so much of the agreed price of the land, or consideration of the deed remaining due and unpaid; and, if such claim is not barred by the statute limiting actions against executors and administrators, it may be equally effectual as a specific charge upon the land. If it is barred, her neglect to enforce the claim at law as a debt, is not a good reason for resorting to equity for the purpose of charging it upon the land.

We are of opinion that the bill sets forth no sufficient ground in equity for interference of the court either to set aside the deed, to restrict its operation, or to compel the defendants to give some other form of security instead of that agreed upon, but which was in fact ineffectual for the purpose.    *Demurrer sustained.*