JAMES H. GOULD *vs.* ALONZO V. LYNDE & others.

**A** trust does not result to the grantor upon a deed of land in the common form reciting a consideration and containing an habendum to the grantee to the grantee's use; and an attempt by the grantee by a void deed to execute such a supposed trust does not give it efficacy.

BILL IN EQUITY against the heirs at law of the plaintiff's deceased wife, alleging that the plaintiff conveyed certain real estate by deed to Adoniram Lynde in trust, " the said Adoniram paying to him no consideration therefor, but simply taking the fee in said estate for the purpose of conveying the same to Hepzibah L. Gould," the plaintiff's wife ; that "the said Adoniram conveyed the same to said Hepzibah in trust, who paid no consideration therefor, but took the same, making promise at the time that she would hold it in trust " for the plaintiff " and would reconvey the same to him upon his request ; " that " he did not intend to give to his said wife any beneficial interest in said real estate or any interest therein except that of trustee for him ; " that for a period of more than five years the title remained in his wife ; " that during said time said estate was always treated " by them " as his property and not the wife's ; " that afterwards he made a request to his wife " that she would fulfil her said trust and would reconvey the fee " to him, " and she undertook so to do and supposed she had done so ; " that " for the purpose of fulfilling said trust and of transferring to her husband the fee," she executed a deed of the premises to Annette M. Wiley, and that Annette M. Wiley executed a like deed to him ; that " he omitted to join in said deed from his wife to said Wiley or to give his written assent thereto, through mistake ; " that he was in doubt whether it was necessary to have joined in that deed ;

that he had since conveyed portions of the estate; that his wife had since died leaving no issue; that the defendants were her heirs at law; that they or some of them as such heirs claimed the reversion of the estate; that he was unable to convey with a clear title, and that the defendants pretended he had but a life estate in the premises. The bill prayed that the defendants might be decreed to assign and release to him their titles as heirs at law, and for other relief.

Copies of the deeds mentioned were annexed to the bill. The deed from the plaintiff to Adoniram Lynde was a deed in the common form, with full covenants of warranty, conveying the premises " in consideration of five thousand two hundred dollars to me paid," " the receipt whereof is hereby acknowledged " to the grantee, " his heirs and assigns forever, " " to have and to hold " to him, " his heirs and assigns, to his and their use and behoof forever."

The deed from Lynde to the plaintiff's wife was also a warranty deed in the usual form, with an habendum " to her the said Hepzibah L. Gould, wife of the said James H. Gould, to her sole and separate use, free from the control or interference of her present or any future husband, and to her heirs and assigns, to their own use and behoof forever."

The defendants demurred, and assigned as a cause, among other causes, that no trust was disclosed by the bill.

*W. P. Harding,* for the defendants.

*T. H. Sweetser & W. B. Stevens,* for the plaintiff.

ENDICOTT, J. It is conceded by the plaintiff that there was no express trust upon which the conveyances were made, the alleged agreement between the parties being oral; but it is claimed, that a resulting trust to the plaintiff arises out of the transaction.

The rule, that on a voluntary conveyance without consideration a trust results to the grantor, was confined to common law conveyances, and does not apply to modern conveyances in common form, with recital of consideration, to the use of the grantee and his heirs. Such deeds to a stranger, and *a fortiori* when the purpose of the grant is to convey to a wife, exclude any resulting trust to the grantor

The distinction between such a conveyance and a conveyance to a third party where another furnishes the money to whom a trust results, he not being estopped by the recitals and covenants of the deed, is too well established by our authorities to require illustration. *Walker* v. *Locke*, 5 Cush. 90. *Whitten* v. *Whitten*, 3 Cush. 191. *Bartlett* v. *Bartlett*, 14 Gray, 277. *Titcomb* v. *Morrill*, 10 Allen, 15. *Blodgett* v. *Hildreth*, 103 Mass. 484. *Cairns* v. *Colburn*, 104 Mass. 274. *Peirce* v. *Colcord*, 113 Mass. 372. Perry on Trusts, §§ 161, 162, and cases cited.

The subsequent agreement, or attempt by the wife to convey, does not affect the question, as a trust must result, if at all, the instant the deed passes. *Barnard* v. *Jewett*, 97 Mass. 87.

The wife therefore held the estate, subject to no trust for the use and benefit of the plaintiff, and the respondents cannot be called upon to release and assign to him any title they may have therein, as her heirs at law.

The statute is peremptory that no conveyance of real estate by a married woman shall be valid without the assent of her husband in writing, or his joining with her in the conveyance. Gen. Sts. *c.* 108, § 3. As the plaintiff's wife made the deed to Wiley without such assent or joinder, no title passed.

*Demurrer sustained; bill dismissed.*