## WILLIAM H. GOVE vs. ADDISON P. LEAROYD.

Essex.   Nov. 5, 1885. — Jan. 9, 1886.   FIELD & DEVENS, JJ., absent.

If a quitclaim deed of land of an assignee in bankruptcy recites a consideration, and contains an habendum to the grantee to the grantee's use, and the usual covenants, in the absence of fraud on the part of the grantee, no trust results to the grantor, although he received no consideration in fact.

WRIT OF ENTRY, dated June 12, 1882, by the assignee in bankruptcy of Frederick Perley, to recover a parcel of land in Danvers.   Plea, *nul disseisin.*   The tenant was also allowed to file an amended plea, alleging that the action was barred by the U. S. Rev. Sts. § 5057.

Trial in the Superior Court, without a jury, before *Staples,* J., who allowed a bill of exceptions, in substance as follows :

Frederick Perley was seised of the demanded premises, and in peaceable possession of the same, under a deed from John B. Peirce and others, dated April 1, 1859, and recorded April 2, 1859, which possession continued until the commencement of proceedings in bankruptcy against him, in the United States District Court for the District of Massachusetts, on December 23, 1868.   He was adjudged a bankrupt on January 21, 1869, and on February 10, 1869, Horace L. Hadley was appointed assignee.

Perley received his discharge on March 6, 1875.

On March 20, 1880, Hadley was removed as assignee, and the demandant was appointed assignee on the same day.   The proceedings in bankruptcy are still pending.

It did not appear that Hadley or the bankrupt ever disclosed the interest of the latter in the demanded premises to the court, or applied for or obtained leave to dispose of the same at private or public sale, or accounted to the court in any way for the proceeds of any sale of the demanded premises ; or that Hadley ever collected or demanded said proceeds, or any part thereof, from Perley.   Hadley testified that, in view of a contemplated sale, it was at one time intended to apply to the court for leave to sell the premises, but the attempt was abandoned.

It appeared that, on March 1, 1870, for the consideration of $200 actually paid by the tenant to Perley, to his own use,

Perley executed to the tenant a deed of the demanded premises, which was recorded on July 15, 1870; and that the tenant immediately entered upon the same, claiming title, and is still in possession thereof. It further appeared that, on April 14, 1871, Hadley, as assignee of Perley, conveyed the demanded premises to the tenant by a quitclaim deed, reciting a nominal consideration, and containing an habendum to the grantee to the grantee's use, and the usual covenants; and which was recorded on August 31, 1871; but, in fact, no consideration was paid by the tenant, nor has any money received from him ever been paid to the assignee of Perley, or accounted for as part of his estate. It was admitted by the demandant that the tenant acted without fraud, and in good faith.

Upon these facts, the judge ruled that the title to the land in question was in the tenant, as against the demandant; and that, if the law was otherwise as regards the title, the limitation in the U. S. Rev. Sts. § 5057, applied, and was a bar to this action; and found for the tenant. The demandant alleged exceptions.

*S. H. Phillips,* (*W. H. Gove* with him,) for the demandant.

*H. F. Buswell,* for the tenant.

HOLMES, J. The only argument addressed to us for the demandant is that there was a resulting trust, because the assignee received no consideration in fact. But it is admitted that there was no fraud, and the deed of the assignee recited a consideration, declared the uses, and contained the covenants usual in a quitclaim deed. It is settled that, in such cases, there is no resulting trust. *Gould* v. *Lynde,* 114 Mass. 366, and cases cited. It is therefore unnecessary to consider whether the St. of 1883, c. 223, § 14, was intended to allow a writ of entry to be converted into a bill in equity by replication, when the answer is simply the general issue, as here, the special plea raising a distinct defence. *Exceptions overruled.*