## JAMES MOORE *vs.* DANIEL STINSON.

Middlesex.  March 16. — June 29, 1887.  FIELD, C. ALLEN, & GARDNER, JJ., absent.

A parcel of land, on which there was a house, was conveyed to A., "in trust for B., wife of C., and her heirs and assigns forever ; " and the consideration named in the deed was stated to be paid to the grantor " by A. in trust for B."  C. was insane at the time the deed was made, and died a year afterwards ; and subsequently B. married D.  B. thereupon made a will, by which she gave the estate in question to D.  B. occupied the premises from the time of the conveyance to her death.  *Held*, on a bill in equity by D., after B.'s death, to compel a conveyance to him of the estate by A., that the legal effect of the deed to A. was to create a trust for B. during coverture, and a legal estate afterwards, which was not affected by her second marriage ; that it was not competent for A. to show by parol that his money was used by B., together with her own, for the purchase of the estate, upon the agreement that she should occupy it for life without any authority to sell or give it away, and that, upon her death, it should belong to A. ; and that D. was entitled to a decree.

BILL IN EQUITY, filed May 11, 1886, to compel the defendant to convey to the plaintiff a certain parcel of land, devised to the plaintiff by the will of his wife, Jane Moore, and alleged to have been held by the defendant in trust for her as her property, which trust was terminated.  The answer, admitting that the defendant had held the parcel in trust for the plaintiff's wife, who was the defendant's sister, during her life, alleged that, by her decease, it had become the property of the defendant in fee.

The case was heard by *Devens*, J., and reported, for the consideration of the full court, in substance as follows :

The parcel of land in question, on which there was a small house, was conveyed to the defendant on August 11, 1846, by John A. Brown and others, " in trust for Jane Allen, . . . . wife of Thomas Allen, and her heirs and assigns forever."  The consideration was stated to be $700, " to us paid by Daniel Stinson in trust for Jane Allen."  At the time the deed was made, Mrs. Allen's first husband was living, being at that time insane, and he died on August 19, 1847, in an insane asylum.

On May 27, 1848, Mrs. Allen was married to the plaintiff. She occupied the premises from the time of the conveyance to her decease, and the plaintiff occupied it with her after his marriage.  At the time of her marriage with the plaintiff, or

immediately thereafter, she and the plaintiff demanded a deed of the premises to the plaintiff from the defendant, which he declined to make. Immediately after this refusal, Mrs. Moore made a will, which was duly proved and allowed, by which she devised this parcel, together with all her other property, to the plaintiff.

The defendant offered to prove, and the evidence was received *de bene*, that, at the time the purchase was made, he had in the hands of his sister, Mrs. Allen, about $300 of his savings, which had been deposited with her by him from time to time without special appropriation by him, which sum was devoted to this purchase by his assent; that she had nearly enough money, which came to her from her father, to complete the purchase, and that she paid the rest of the $700; that her then husband was insane; that she had no children, and was then forty-two years old; that she was to live on the estate as long as she lived, and it was then to come to the defendant, and that she had no right to sell or give it away; and that the deed was made to him in trust for that reason. This arrangement or agreement was entirely oral, and the only evidence of it was the testimony of the defendant.

The plaintiff paid the taxes on the premises during his occupation, and also put a barn of small value upon the place, and to some extent filled in the land.

*C. Browne*, (*J. H. Taylor* with him,) for the plaintiff.

*H. H. Winslow*, for the defendant.

DEVENS, J. If the proposition of the defendant be conceded, — namely, that the fact of Mrs. Allen's coverture and the then situation of the parties, with the fact that the conveyance was in terms made to the defendant in trust, sufficiently show that the intention of the parties was not to create a mere use to be executed under the statute, but a trust during coverture, — the legal effect of the deed to the defendant, which was without any words of inheritance, "in trust for Jane Allen, . . . . wife of Thomas Allen, and her heirs and assigns forever," was to create a trust for her during coverture, and a legal estate afterwards, the use being executed upon the termination of the trust. *Ayer v. Ayer*, 16 Pick. 327. *Richardson v. Stodder*, 100 Mass. 528. By the death of Thomas Allen, the coverture of Mrs. Allen terminated, and with it the trust. Her equitable estate during

coverture was changed into a legal interest. Nor can this have been affected or altered by her subsequent marriage.

The contention of the defendant is, that, even if such be the construction of the deed, if its language alone be considered, it is competent for him to prove that his money was used by his sister, Mrs. Allen, for the purchase, together with her own, upon the agreement that she should have the occupation of the estate for life, without any authority to sell or give it away, and that it was then to be his property; and that, upon these facts, there is an implied or resulting trust in his favor. This is wholly to change the legal effect of a deed by parol evidence, and to prove that, where one use is declared by a deed, another use may result, and this in a case where the person seeking to establish the resulting trust is himself a party to the deed, the legal construction of which he thus seeks to vary. Where the money of one is wrongfully used by another in whose possession it is, so long as the owner can definitely trace it, he may pursue it and establish on the land bought with it an equitable lien in the nature of a resulting trust. And even where the money thus wrongfully used has paid for only a part of the land bought, the land may still be sold, that the money thus used may be realized. *Bresnihan* v. *Sheehan*, 125 Mass. 11. *McGivney* v. *McGivney*, 142 Mass. 156.

Where also land is purchased, and the conveyance of the legal estate is taken by one person and the consideration is paid by another, there is a resulting trust in the legal estate in favor of the person who advances the purchase money. The person named in the conveyance as grantee becomes a trustee for him from whom the consideration proceeds. This is also the case where it is shown that a part of the purchase money was paid, if it were paid, for some specific part or distinct interest in the land. The admission of parol evidence in such cases does not come within the prohibition, that trusts concerning land, except such as may arise or result by implication of law, shall not be created or declared unless by an instrument in writing signed by the party making or declaring the same, or by his attorney. *Livermore* v. *Aldrich*, 5 Cush. 431. *Peabody* v. *Tarbell*, 2 Cush. 226. *Kendall* v. *Mann*, 11 Allen, 15. *Perkins* v. *Nichols*, 11 Allen, 542. *McGowan* v. *McGowan*, 14 Gray, 119. *Gould* v. *Lynde*, 114 Mass. 366. *Snow* v. *Paine*, 114 Mass. 520.

In cases of this nature, the implication of a trust from the fact that the consideration for the purchase was paid by one, while the land was conveyed to another, may be overcome or disproved, or may be corroborated, by any oral or written testimony showing the circumstances of the transaction and the expressed or probable intention of the parties. The admissions or agreements of the parties, even if oral, may then be proved as tending to destroy or confirm the inference deducible from the facts of payment of consideration and of the deed. *Blodgett* v. *Hildreth*, 103 Mass. 484.

But there is an obvious distinction between the cases of this class and the one at bar. Where the party seeking to establish an equitable lien in the nature of a resulting trust, or where the alleged *cestui que trust*, by virtue of a resulting trust, is not a party to the deed, he is not estopped by its recitals or covenants from proving all the facts from which the equitable lien or trust may result. *Livermore* v. *Aldrich,* *ubi supra.* The defendant in the case at bar was the grantee. The deed he received recited the consideration, and declared the trust upon which he should hold the estate. He cannot now be permitted by oral evidence to change this, or engraft a new and distinct trust in his own favor upon it. This is, in effect, to contradict the deed to which he is a party. The distinction between such a case and that of a conveyance to a third person, where the money has been furnished by another to whom the trust results, who is in no way estopped by the recitals or covenants of the deed, has been frequently pointed out. *Gould* v. *Lynde, ubi supra. Gove* v. *Learoyd*, 140 Mass. 524.

The title to the land in dispute we must hold to be in the plaintiff. The use having been executed by the cessation of the coverture of Mrs. Allen, her title was complete, and the plaintiff is her devisee. The title of the plaintiff is also perfect upon the public records, when this is supplemented by proof of the death of Mrs. Allen and of her first husband. But, in view of the fact that the defendant has appeared, has asserted a title which has been fully discussed and considered, and has rested his case upon that, we are of opinion that the plaintiff may have a decree declaring his title.          *Decree accordingly.*