# BRITTON v. GARLOCK.

1. Upon the purchase by one who is entitled, with his sister, under their father's will, to the remainder after the termination of his mother's life estate in all her deceased husband's property, of real property with money furnished partly by him, partly by his mother, and partly by his father's estate, and the conveyance of such property to him in fee, a resulting trust arises in favor of his mother and sister.

2. A voluntary and absolute conveyance of real property by a son to his mother releases and extinguishes his vested remainderman's interest in one half of the purchase money under his father's will, and his right to reimbursement for money advanced by him toward the purchase price, where he makes no reservation of such interest and right, since no resulting trust arises in his favor as grantor in the deed.

No. 3148.   Submitted December 6, 1918.   Decided January 6, 1919.

HEARING on an appeal from a decree in the Supreme Court of the District of Columbia, sitting as an equity court, dismissing a bill of complaint.                         *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree in the supreme court of the District dismissing appellant's, Emlyn J. Britton's, bill, the material averments of which are as follows:   Appellant and appellee, Carrie E. Garlock, hereinafter referred to as plaintiff and defendant, are brother and sister.   Their father, James S. Britton, died on February 16, 1900, at Girardsville, Pennsylvania, where he resided, leaving a will bequeathing all his property to his wife, Caroline Britton, mother of plaintiff and defendant, during her life, with remainder in equal shares to plaintiff, defendant, and a son Charles.   Prior to the death of Mrs. Brit-

ton, Charles died, "leaving as his only heirs and next of kin plaintiff and defendant."

According to the averments of the bill, plaintiff contributed toward the support of his mother, and, in 1908, he purchased a house in the District of Columbia, which was conveyed to him in fee, but "it was understood and agreed" that he was to hold the same upon the trust that his mother should enjoy the property during her lifetime, together with the children, and that upon her death it should go by will or descent to the children in equal shares; "that is to say, upon the same terms as stated in the aforesaid will of plaintiff's father." Of the purchase price of the house about $2,300 came from the estate of James S. Britton, $1,000 from the personal funds of the mother, and about $2,000 from the funds of the plaintiff. Plaintiff also avers that he made further contributions toward the household expenses, and that the aggregate sum expended by him, including payments on the purchase price of the house, was $2,740. He admits that on April 9, 1910, he was reimbursed to the extent of $1,863, leaving a balance of $877. He further admits "that he has in his possession bonds to the sum of $900, with interest thereon, which he holds as a set-off against the estate of his mother and defendant herein," but says "that upon the granting of relief as prayed herein he is ready and willing to surrender the same to the properly qualified personal representative of his mother to be disposed of as defendant's rights may appear."

On July 13, 1910, when plaintiff was about to be married, he acceded to his mother's request, and for a nominal consideration conveyed to her the legal title to the house; the mother really agreeing that she would hold the property upon the "same uses and trusts upon which plaintiff had previously held the same."

The plaintiff is informed and believes that thereafter, in the year 1913, his mother executed a will "in which deceased devised said real estate in equal parts to plaintiff and defendant." Plaintiff does not know what became of the will, but believes it to have been left by deceased with her other personal effects.

Thereafter, on August 20, 1914, plaintiff having become estranged from his mother and sister, the mother conveyed the house to a trustee upon the trust to convey to herself an estate for life and to convey to defendant a remainder in fee; and on August 31, 1914, the trustee duly executed a deed carrying out the agreement. The mother died February 22, 1915.

The bill prays that the conveyance from plaintiff to his mother may be decreed to have been made "upon the uses and trusts for the life of deceased and for the remainder in equal parts to plaintiff and defendant," and that the subsequent deeds may be caused to be delivered up and canceled. There is a prayer for discovery as to the will and for general relief.

A comprehensive answer was filed by the defendant, who, however, subsequently moved to dismiss the bill. This motion, upon the opening statement of counsel for the plaintiff and upon consideration of the bill and deeds referred to therein, was granted by the court.

Mr. C. V. Imlay for the appellant.

Mr. Alex. Wolf for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Plaintiff says that when he purchased the house "he became seised of the legal title as trustee for the common benefit of all three during the life of the mother, and, upon her death, for distribution between himself and sister." He further contends that the conveyance by him to his mother "merely transferred the legal title to the latter, subject to equitable obligations. The mother thus became the holder of the legal title, not only for the benefit of herself, but for the benefit of the son and daughter." In the circumstances, undoubtedly a resulting trust arose in favor of the mother and sister when the plaintiff purchased the house. *Smithsonian Institution* v. *Meech,* 169 U. S. 398, 406, 42 L. ed. 793, 797, 18 Sup. Ct. Rep. 396. The conveyance to the mother was in fee, with the usual or

general uses. The question is, therefore, whether a trust resulted in favor of the son, as grantor in the deed. He had two interests in the property conveyed by him. He had a vested remainderman's interest in one half of the purchase money that had been received from his father's estate, and, under the averments of the bill, was also entitled to be reimbursed for the balance of the money advanced by him toward the purchase price. Both these interests were capable of being released and extinguished by him, the one as easily as the other. Did this voluntary and absolute conveyance amount to such a release and extinguishment?

The authorities are uniform that, in the absence of fraud, accident, or mistake, a deed which purports to be for the beneficial use of the grantee does not differ from any other deed in binding the grantor, and may be challenged only by those having superior equities, which the grantor had no right to cut off. *Graves* v. *Graves,* 29 N. H. 129; *Jackson* v. *Cleveland,* 15 Mich. 94, 90 Am. Dec. 266; *Hogan* v. *Jaques,* 19 N. J. Eq. 123, 97 Am. Dec. 644; *Groff* v. *Rohrer,* 35 Md. 327; *Gove* v. *Learoyd,* 140 Mass. 524, 5 N. E. 499; *Gould* v. *Lynde,* 114 Mass. 366. In the case last cited the court pointed out the distinction "between such a conveyance and a conveyance to a third party where another furnishes the money to whom a trust results, he not being estopped by the recitals and covenants of the deed."

Where the consideration is paid by the husband and the conveyance made to the wife (*Smithsonian Institution* v. *Meech,* 169 U. S. 407, 42 L. ed. 798, 18 Sup. Ct. Rep. 396), and where the consideration is paid by a child and the conveyance made to a parent (*Groff* v. *Rohrer,* 35 Md. 327, 336), there is a presumption that the conveyance is intended for the benefit of the grantee, and this presumption must be overcome by proof of the real intent of the parties. In the present case, the plaintiff—who, as son, was under a natural or moral obligation to his mother—voluntarily conveyed to her, by deed absolute in form, property in which he had equitable interests. He made no reservation as to either interest, but now seeks the aid of a

court of equity to overcome the recitals and covenants of his own deed. Clearly he is not entitled to such relief. The deed to his mother extinguished his legal and equitable interests in the property conveyed, from which it follows that his mother thereafter was at liberty to deal with the property as she saw fit.

According to the averments of the bill, the income from the estate of the father was not even "sufficient for the support of plaintiff's mother," and it was for this reason plaintiff says that he made contributions toward such support. The bill admits that, prior to the time when plaintiff conveyed the house to his mother, he had been repaid practically all he had advanced·toward the purchase of the house. He was to be married, and realizing his obligations to his mother, it is not unnatural that he made no reservations in the deed. Certainly no resulting trust arose, and the Statute of Frauds precludes oral testimony as to an express trust. The fact that subsequently the mother may have made a will devising this real estate to plaintiff and defendant, and later revoked it, is of no importance, since, as we have held, she was free to dispose of the property as she deemed best. It is not even alleged that there was any express declaration in this will as to any interest of the plaintiff in this property.

The decree is affirmed, with costs. *Affirmed.*