| Mary C. Rosati, et al. | |
| vs. | Eq.No.7227 |
| Maria Madalena Rossi | |
| Josephine V. Ricci | |
| vs. | Eq.No.7367 |
| Maria M. Rossi | |

September 28, 1925.

TANNER, P. J. These are two bills in equity brought to establish a resulting trust in certain lands and tenements to which the respondent holds the legal title.

This real estate was conveyed by the husband of the respondent, more than twenty years ago, to the brother-in-law of the respondent, and a short time after the conveyance to the brother-in-law the husband of the respondent procured a conveyance from the brother-in-law to the respondent.

Evidence is introduced in behalf of the complainants that at various times since said conveyance the respondent has admitted that the property belonged to her husband notwithstanding the conveyance. This is denied by the respondent and the evidence of other members of the family is introduced to show that they never heard any such admission by the respondent. Counsel for respondent maintains that the evidence shows that a conveyance was made in fraud of creditors and that, therefore, the complainants are not entitled to invoke the aid of equity.

Complainants rely upon the case of Hudson vs. White, 17 R. I. 517. There is a great deal of authority to support this contention of the complainants.

In Hudson vs. White the Court apparently has seen fit not to follow these authorities. It may perhaps be said that the Court's decision on this point was obiter dicta, as was apparently said in Apponaug Bleaching Co. vs. Rawson, 22 R. I. 123.

We think, however, that there is a fundamental objection to maintaining this bill. In Hudson vs. White the husband paid the purchase price and had the title put in the name of his wife when the estate was first purchased. This presents the ordinary case of a resulting trust. In this case, however, the husband had purchased the property and taken title in his own name, had made a voluntary conveyance to his brother-in-law and procured the brother-in-law to make a voluntary conveyance to his wife without consideration. The case is, therefore, clearly distinguishable from the decision in Hudson vs. White. No fraud on the part of the wife is alleged and not even her parol agreement to reconvey previous to or at the time of the conveyance to her. The doctrine of resulting trust is predicated solely upon her having taken the deed without consideration and without its being intended as a gift.

"It was a doctrine of the English equity * * * * that a trust resulted to the feoffor, the feoffee taking only the naked legal title. This doctrine, however, had no application to conveyances which operated under the Statute of Uses. * * * If the doctrine has any existence under the conveyancing system in use in this country, so that a trust would result to the grantor from an absence of consideration, it can only be where the deed simply contains words of grant or transfer and does not recite or imply any consideration, and does not in the habendum clause or elsewhere declare any use in favor of the grantee, and the

conveyance is simply intended as a gift."

Pomeroy's Equity Jurisprudence, 4th ed. Sec. 1035, to Sec. 1037, inc.

"The rule that on a voluntary conveyance without consideration a trust results to the grantor was confined to common law conveyances, and does not apply to modern conveyances in common form, with recital of consideration, to the use of the grantee and his heirs. Such deeds to a stranger, and a fortiori when the purpose of the grant is to convey to a wife, exclude any resulting trust to the grantor.

The distinction between such a conveyance and a conveyance to a third party where another furnished the money to whom a trust results, he not being estopped by the recitals and covenants of the deed, is too well established by our authorities to require illustration."

Gould vs. Lynde, 114 Mass. 366.

6th Perry on Trusts, Sec. 162.

The deeds in this case are deeds of bargain and sale to the use of the grantee and her heirs. From the questions of fact in the case we do not believe that the husband intended to make a gift to his wife of the property which is claimed in the bill. It does not seem reasonable, in view of human nature, to believe that he intended to strip himself of all title to all his real estate, and we are inclined to credit the testimony of the complainants that the wife frequently admitted that her husband was entitled to the property.

If a bill to establish such a resulting trust could be maintained, we doubt if the defence that it was in fraud of creditors could be maintained since the evidence is very hazy as to whether or not there actually was any specific reason for making such a conveyance in fraud of creditors.

We doubt also very much if the defence of laches can be maintained in this case.

But, as was first said, we do not believe that a resulting trust can be maintained in such a case and for this reason we think the bill should be dismissed.

For Complainants: William R. Champlin.

For Respondent: George F. Troy and Robinson & Robinson.