# JERUSA PICKETT *vs.* J. OLIVER WADLOW ET AL.

*Specific Performance—Enforcement in Equity of Oral Agreement Relating to Land Mortgaged by Plaintiff, Bought by Defendant at Mortgage Sale and Remaining in Possession of Plaintiff.*

A bill in equity alleged that the plaintiff had mortgaged certain land to a third party and the defendant, the attorney named in the mortgage, being about to sell the property upon a default, it was orally agreed between plaintiff and defendant that the defendant should purchase the property at the sale, and hold the same in trust for the plaintiff, and upon the condition that whenever plaintiff should pay to the defendant the amount paid by the latter for the property together with another sum owing by plaintiff to the defendant, then defendant would convey said land to the plaintiff, and that it was also agreed that plaintiff should remain in possession of the land and pay to the defendant in lieu of interest the value of one-half of the crops raised on the land. The bill further charged that at the sale under the mortgage it was generally known that the defendant was buying the property for the plaintiff and competition was thereby prevented ; that after the sale to defendant, the plaintiff remained in possession of the land under said agreement which was thereafter recognized by the defendant as being in force ; that subsequently plaintiff tendered to defendant the amount due to him and requested a conveyance of the property which defendant refused to make, but conveyed the land to another defendant who had full knowledge of said agreement. The bill prayed for a decree vacating the last-named deed and permitting the plaintiff to redeem the property according to the agreement. *Held*, upon demurrer, that these allegations, if established by the evidence, entitle the plaintiff to the relief asked for, and that it makes no difference that a definite time for the performance of the agreement by the plaintiff was not fixed, since a reasonable time is implied in law, and the defendant, shortly before the filing of the bill, acknowledged the existence of plaintiff's right in the premises.

Appeal from the Circuit Court for Carroll County (JONES, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*D. N. Henning*, for the appellant.

*James A. C. Bond* and *Francis Neal Park*, for the appellee, submitted the cause on their brief.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from the Circuit Court for Carroll County, sitting in equity, and the questions for our consideration are presented by a demurrer to a bill in equity.

The bill avers that the appellant on the 11th day of July, 1889, executed a mortgage on certain lands situate in Carroll County to Elizabeth S. Shipley of Baltimore City, to secure the payment of a loan of $2,200 according to the terms of the mortgage; that on the 31st of August, 1891, J. Oliver Wadlow, the attorney and agent named in the mortgage, sold the lands under a default in the mortgage and purchased them at the mortgage sale; subsequently this sale was ratified by the Circuit Court for Carroll County; and on the 30th of December, 1891, the property was conveyed by deed to the purchaser.

The bill further alleges that prior and at the time of the sale of the land under the mortgage, the appellant was indebted unto the appellee, Wadlow, in the sum of three hundred dollars, and that it was agreed between them that Wadlow, the attorney, should purchase the land at the sale for the amount of the mortgage debt, and the sum of three hundred dollars, and " would then hold the lands and premises in trust and upon the condition that whenever the appellant should pay unto Wadlow the sum of the purchase-money paid by him for the lands and premises, together with the additional sum of $300, then Wadlow would convey by deed the same lands and premises to Jerusa Pickett, and in the meantime and until the payment of the sums of money, the said Jerusa Pickett should retain possession and occupancy of the lands and premises; that in lieu of interest upon the sums of money payable to Wadlow, the plaintiff should pay unto him the one equal half of the sale price of all crops raised upon said lands, that this payment has always since the sale of the lands been made by Pickett unto Wadlow, and accepted by him. "

The bill also charges that it was generally made known at the time of the sale that Wadlow was buying the property for the benefit and in trust for the appellant, and for this reason

all competition was prevented and he was thereby enabled to buy the land at a price much below its real value. The bill also charges that the appellant has always been in actual possession of the property and since the mortgage sale, has continued the occupancy thereof by virtue of the agreement between her and the appellee, Wadlow, renewed and continued from year to year and time to time under the agreement. It further charges that in the year 1900 the appellant notified the appellee, Wadlow, of her purpose to pay the debt and redeem the land and he had acknowledged her right to redeem and had agreed to permit it to be done, in accordance with the agreement, but subsequently sold the lands to the appellee, Shull. It also alleges that an actual tender of the amount due to Wadlow had been made, and a refusal by him to carry out this agreement, and that the appellee, Shull, had full knowledge of the existing agreement before he paid the money and received the deed.

The prayer of the bill is that the deed from Wadlow to Shull be declared null and void, and set aside and that the appellant be permitted to redeem the property according to the agreement between the parties and for an injunction to restrain the appellee, Shull, from exercising acts of ownership over the property or in any manner obstructing the appellant in the free use and occupation thereof.

It appears from the record that the application for an injunction was denied by the Court, on the fourth of February, 1901, and subsequently the appellees demurred to the bill, assigning among others the following reasons :

First, that the plaintiff has not stated such a case as entitled her to the relief sought by the bill ;

Second, that the trust set up in the bill is not in writing; and

Third, that the trust or agreement set up in the bill is not susceptible of specific performance.

And from the order of the Court sustaining the demurrer and dismissing the bill of complaint, this appeal has been taken.

The object of the bill, it appears from the foregoing recitals

is in substance to declare a deed absolute on its face, an equitable mortgage, as between the parties, and to redeem the land, from the mortgage. While the bill is somewhat loosely drawn and is wanting in that certainty and clearness of statement which is required by the rules of equity pleading, yet, we think it contains a sufficient allegation of facts to entitle the plaintiff to equitable relief, if she can support allegations of the bill in this respect.

In this case, the allegations of the bill are admitted by the demurrer, and for the purposes of the case we are to treat them as true. The principle of equity is well settled that a conveyance, whatever may be its form will be treated in equity as a mortgage if it appears to have been taken as a security for an existing debt or a contemporaneous loan, and it will be so treated as to allow the party to redeem. *Packard* v. *Corporation*, 77 Md. 248; *Artz and wife* v. *Grove*, 21 Md. 456; *Baugher* v. *Merryman*, 32 Md. 185. In *Booth et al.* v. *Robinson et al.*, 55 Md. 450, it is said : "It is now the established doctrine that Courts of equity will look beyond the mere form and terms of the instrument to the real transaction ; and whenever the real transaction is shown to be one of security and not of sale, the Court will treat the matter accordingly. In all such cases the equity upon which the Court acts arises from the real character of the transaction and therefore any evidence, whether written or oral, tending to show that the transaction was really one of security, is held to be admissible. This is allowed not for the purpose of contradicting the terms of the deed or instrument, but of raising an equity paramount to the mere form of the instrument."

The bill in the case now before us distinctly states that Wadlow, one of the appellees, agreed with the appellant, the mortgagor, to buy in the land at the mortgage sale for enough to pay the mortgage debt and to hold the land as security for the mortgage debt and the $300 debt, for which he had no security, and it was known at the time of the sale that he was buying the land for the benefit of the appellant. It also states that the appellant had within a year notified the appellee,

Wadlow, of her purpose to pay this debt and to redeem the land, and that he had acknowledged her right to redeem, and agreed to permit her to do so, but had thereafter agreed to sell the land to the appellee, Shull. An actual tender of the amount due and a refusal on the part of the appellee to permit the redemption of the land, is also alleged by the bill.

Now the appellees do not by an answer deny these and the other allegations of the bill, but they are admitted by the demurrer to be true and must be so considered by us, on this appeal.

But it is urged upon the part of the appellees, as one of the objections to the plaintiff's right to relief, that no particular time is alleged when the money was to be paid. This objection cannot prevail. It is distinctly held that when no particular time of payment is limited in a mortgage it is to be paid in a reasonable time. And if the payment is not so made, the mortgagee is entitled to a foreclosure. *Triebert* v. *Burgess et al.*, 11 Md. 463; *Farrell* v. *Bean*, 10 Md. 233. But besides this, the bill in this case alleges an admission by the appellee, Wadlow, of the plaintiff's right to redeem, and "that she notified Wadlow, in the spring of 1900, that she would pay him the money due him, in the fall of the same year, and that Wadlow acknowledged her right so to do."

There is nothing in the other objections raised by the demurrer to the plaintiff's bill which can prevail against the relief sought in this case, if the appellant can establish the allegations of the bill by the proof required in such cases. *Phœnix Ins. Co.* v. *Ryland & Brooks*, 69 Md. 446.

For these reasons the decree of the Court below, sustaining the demurrer and dismissing the plaintiff's bill of complaint will be reversed and the cause will be remanded that further proceedings may be had in accordance with this opinion.

> *Decree reversed and cause remanded,*
> *with costs in both cases, No. 91*
> *and 92.*

(Decided March 5th, 1902.)