JOHN MILLER *vs.* SARAH E. MILLER ET AL.

*Absolute Deed Intended as Security for Loan—Resulting Trust.*

A, desiring to purchase a tract of land, applied to B for a loan for that purpose. Upon advancing the purchase-money B caused the legal title to the land to be conveyed to him, and orally agreed to convey the same to A upon payment of the amount so advanced. A remained in possession of the land for seventeen years, made improvements thereon and paid the taxes and interest on the loan. After B's death his heirs claimed that the land belonged to him. *Held,* that the evidence in the case establishes the foregoing facts, and that the absolute deed to B was intended by the parties to be security for the money advanced by him, and that there existed a resulting trust in favor of A.

When B lends money to A for the purchase of property, but to secure payment of the loan take the conveyance to himself, there is then a resulting trust in favor of A.

Appeal from the Circuit Court for Washington County (KEEDY, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Norman B. Scott, Jr.,* and *Charles D. Wagaman,* for the appellant.

*J. A. Mason,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is taken from a decree of the Circuit Court for Washington County dated the 15th day of September, 1904, dissolving an injunction which had been previously granted and dismissing the bill, with costs.

The prayer of the bill is that the Court declare a deed conveying real estate, dated the 20th day of April, 1886, from Laura V. Maysilles and husband to Simon P. Miller to have been designed to operate as a security by way of mortgage and that the property should be conveyed in fee-simple to the plaintiff. Also for an injunction to restrain the defendant from selling or interfering with the plaintiff's possession thereof.

The case was heard upon bill, answer and proof and the decree being against the plaintiff, he has appealed.

The principal facts as disclosed by the pleadings may be thus stated.

On or about the 20th day of April, 1886, the plaintiff entered into negotiations with the grantors in the deed to purchase from them a tract of land situate near Williamsport, in Washington County, containing ten and one-half acres, for the sum of one thousand dollars. Sometime prior to the purchase, by an agreement between the plaintiff and his brother Simon P. Miller, the latter was to loan him a sufficient sum of money to pay for the property upon the payment of interest on the loan at rate of six per centum per annum until the principal sum should be repaid.

The bill charges that subsequently by an agreement and upon the suggestion of his brother, the property in controversy was conveyed to Simon P. Miller as a security for the loan and not to the plaintiff, the real purchaser of the property ; that the sum of five hundred dollars was paid in cash to the grantors in the deed and a mortgage for five hundred dollars was executed by his brother to cover the residue of the purchase-money.

It is also alleged that immediately after the execution of the deed, on the 20th of April, 1886, the plaintiff entered into possession of the property and has been in absolute control of

the same without disturbance until sometime after the death of his brother, on the 22nd of February, 1903.   That during this time he has paid the annual taxes on the land, collected the rents, paid the insurance on the buildings and has erected at his own expense a dwelling and other improvements on the property, at a cost of one thousand dollars.

It is further alleged that the plaintiff has paid the interest on the mortgage debt, and also paid the annual interest on the loan of five hundred dollars from the 20th day of April, 1886, to the 22nd day of February, 1903, a period of seventeen years.  'And that since the death of Simon P. Miller, the interest on the mortgage has been paid to the assignee, and on the loan secured by the alleged deed to his brother's estate.

The bill then avers that although a deed absolute on its face was executed to Simon P. Miller, yet, according to the understanding and the true agreement between the parties, the deed was designed to operate as a security by way of a mortgage and upon the payment by him of the loan made and of the assumption of the mortgage indebtedness, the property in question was to be conveyed in fee-simple to him.   That he is now ready and willing to execute his part of the agreement, but that the defendants Sarah E. Miller, widow and devisee under the will of his brother, and C. Keller Saxton, administrator *c. t. a.*, have attempted to dispossess him and to treat the land as the absolute property of the testator to the damage, and in fraud of his right to the property in controversy.

The defendants by their answer deny the material allegations of the bill and aver that Simon P. Miller was the true and *bona fide* purchaser of the property; that the alleged payment of interest, taxes, insurance and improvements made by the plaintiff, were on account and in lieu of rent for the use and occupation of the property.   They also rely upon laches and delay in the assertion of the plaintiff's claim, and in the filing of the bill.

While the case is not altogether free from difficulty, we think, looking to the whole transaction and the real intention of the parties, the plaintiff is entitled to the relief sought by

his bill and the Circuit Court for Washington County committed an error in its decree on the 15th of September, 1904, in dismissing the bill.

We will state the reasons for this conclusion as briefly as the nature of the case will admit.

The real inquiry, then, presented for our determination is whether the relation of debtor and creditor, existed between the parties at the time the deeds were executed and was regarded as subsisting after the conveyances were made.

All the authorities hold that "the intention of the parties is the only true and infallible test and this intention is. to be gathered from the circumstances surrounding the transaction and the conduct of the parties."

In *Pickett* v. *Wadlow*, 94 Md. 567, it is said, the principle of equity is well settled that a conveyance, whatever may be its form will be treated in equity, as a mortgage if it appears to have been taken as a security for an existing debt or a contemporaneous loan, and it will be so treated as to allow the party to redeem. And in *Booth* v. *Robinson*, 55 Md. 450, it was held, that whenever the real transaction is shown to be one of security and not of sale, the Court will treat the matter accordingly.

Now the testimony in the case is quite voluminous and the witnesses are not in accord as to the declarations and the transactions of the parties subsequent to the execution of the deed. It could answer no good purpose nor shed any light upon the decision of the case to prolong this opinion by an attempt to reconcile those conflicting statements or the glaring inconsistencies in the testimony of some of the witnesses.

The uncontradicted proof however shows that the original negotiation for the purchase of the property was had between the plaintiff and the vendor, Maysilles, and that Simon P. Miller was not interested in it except to help his brother.

The property was situate between Hagerstown and Williamsport, near the plaintiff's home and was desirable, as an addition to the property then owned by him.

The proof also shows that the plaintiff paid the annual

taxes, collected the rents, paid the insurance on the buildings, erected costly improvements thereon, farmed the land and exercised the entire control over it during the life of his brother without any dispute or question as to the ownership of it.

It further shows that he paid the interest on $1,000, the purchase-money to his brother from 1886 to 1903, a period of seventeen years, and after his death, it was paid by him to his brother's estate, and to the holder of the mortgage.

These undisputed facts, we think, sustain the allegations of the bill in this case, and establish the relation of debtor and creditor, mortgagor and mortgagee, between the parties.

But in addition to this, we have the declaration of Simon himself, made at various times, "that he bought the property for his brother John and he was to pay him the interest and principal, and then have the property."

In *McDonough* v. *O'Neil*, 113 Mass. 92, a somewhat similar case, it is said, where land conveyed by one person to another is paid for with the money of a third a trust results to the latter, which is not within Statute of Frauds. It is sufficient if the purchase-money was lent to him by the grantee, provided the loan is clearly proved. And the grantee's admissions like other parol evidence, though not competent in direct proof of the trust, are yet admissible to show that the purchase-money, by reason of such loan or otherwise, was the money of the alleged *cestui que trust*. In equity, a conveyance absolute on its face, may be shown by parol evidence to have been intended as a mortgage only, and its effect limited accordingly.

The theory of the defendant's case, as to the rental of the property or that the money was paid by the plaintiff for the use and occupation thereof during the time of the plaintiff's possession, is not sustained or supported by the proof.

On the contrary, as late as March 23rd, 1903, the appellee Saxton received from the plaintiff the sum of sixty dollars in payment of one year's interest on the $1,000, and wrote the word for "intruss" on the check, in his own handwriting. One-half of this amount was paid to his wife, the holder of the mortgage, and the residue to the estate of Simon P. Miller.

The acts, conduct and declarations of the parties throughout the entire transaction support and are entirely consistent with the plaintiff's contention that the deed was a security for the loan and establish the relation of mortgagor and mortgagee, debtor and creditor and not the relation of landlord and tenant between the parties.

It is settled by the decisions of this Court that where this relation exists, and the conveyance is made to the grantee as security for the loan to a third party who is the real purchaser, a resulting trust is established in his favor. *Dougherty* v. *McColgan*, 6 G. & J. 282; *Dryden* v. *Hanway*, 31 Md. 254; *Hopper* v. *Smyser*, 90 Md. 381; *Pickett* v. *Wadlow*, 94 Md. 567.

It was argued by the counsel for the appellees that the action of the appellant in submitting an account against his brother's estate for money expended on the property and making affidavit to it before the Register of Wills, was conclusive of his rights in the premises. It will be seen, however, that the account was withdrawn, and was not presented for the action of the Orphans' Court. The plaintiff did not thereby surrender any right or claim he originally had to the property, and in view of the circumstances under which it was made, and the facts of the case, we are not disposed to attach the weight and importance to it, that was urged in the argument.

For the reasons indicated the decree of the Court below is reversed, and the cause remanded for proceedings consistent with this opinion.

*Decree reversed and cause remanded*
*with costs to the appellant.*

(Decided June 22nd, 1905.)