HANKINS v. FLYNT.

(Court of Civil Appeals of Texas. April 15, 1911.)

ADVERSE POSSESSION (§ 115*)—TRIAL—QUESTION FOR JURY.

In trespass to try title, evidence *held* insufficient to require a submission to the jury of the issue of defendant's title under the 10-year statute of limitation.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 115.*]

Appeal from District Court, Hardeman County; S. P. Huff, Judge.

Action by E. I. Flynt against M. M. Hankins. Judgment for plaintiff, and defendant appeals. Affirmed.

Magee & Ratliff, for appellant. Decker & Clarke and J. G. Montgomery, for appellee.

SPEER, J. This is an action of trespass to try title brought by Flynt against Hankins, in which the defense was not guilty, and a plea of the five and ten year statutes of limitation. On the trial the court instructed a verdict for the plaintiff, and the defendant has appealed.

The sole question presented is whether or not the evidence was sufficient to require the submission of the case to the jury on the issue of 10 years limitation. In support of the proposition that it was, appellant submits the following statement: "I (appellant) took possession of this land under a lease contract to S. D. Randolph. All of the land sued for was cultivated under this contract, and has been cultivated every year since by myself or my tenant. Mr. Randolph took possession of the land under this contract at once, and cultivated it that next year, and I have cultivated that tract of land ever since. I leased Mr. Randolph my interest in the McFarland addition. I did not own block 10 at that time, nor did I have any interest in it. I guess I did not have any interest in block 1, lots 4, 5, and 6. I do not know where Mr. McFarland was living in 1898; but all of the land was taken possession of under that contract with Randolph." The lease contract referred to is as follows: "Quanah, Hardeman County, Texas, Nov. 14/98. This agreement of lease witnesseth that M. M. Hankins has this day leased to S. D. Randolph all of his interest in McFarland's Addition to Quanah, being about forty acres, for the period beginning on this date, and ending Oct. 21st, 1899. Said land to be cultivated during said time; and said S. D. Randolph agrees to pay ¼ of the crops raised thereon

and deliver same to Hankins in the town of Quanah. (Signed) M. M. Hankins. S. D. Randolph."

Appellee testified that about the year 1906 or 1907 he had a conversation with appellant concerning the land in controversy, that he asked him why he was paying taxes on the property, and that appellant said he did not claim it or would not claim it unless he had a deed to it. Appellant never denied this statement, and never pretended at any time to have a deed to it. Under these circumstances, there was no such adverse possession by appellant as to support the statute of limitation, and the court did not err in taking the case from the jury.

The judgment of the district court is affirmed.