**AYRES v. MacDONALD. (No. 693.)**

(Court of Civil Appeals of Texas. Beaumont. June 9, 1921. Rehearing Denied June 22, 1921.)

1. **Evidence** ⬾265(18)—**Defendant's uncontradicted admission of collection of note held sufficient evidence.**

Where suit was to enforce former judgment that plaintiff owned a one-half interest in a note, the admission of defendant to plaintiff's attorney that he had received payment of the note, when corroborated by silence on the part of defendant at the trial, at which defendant's attorney announced ready, although defendant was absent, was sufficient evidence of collection of the note.

2. **Evidence** ⬾213(4)—**Admission held not inadmissible as made in effort to compromise.**

Where a half interest in a note had been adjudged to plaintiff in a former suit, and in a conversation with plaintiff's attorney concerning compromise of several claims against defendant owned by plaintiff defendant admitted that he had been paid the amount of the note, the admission of liability is proper evidence, since the note could not be the subject of compromise, and the admission was an admission of a fact.

3. **Judgment** ⬾853(1)—**Judgment held dormant 12 months after date though appealed from.**

Where a judgment in a former suit was appealed from, and later was affirmed by the appellate court, the limitation of 12 months for the judgment to become dormant under Rev. St. 1911, arts. 3714, 3715, begins to run on the date of judgment, and not on the date of issuance of the mandate by the appellate court.

4. **Judgment** ⬾875—**Judgment held extinguished when judgment creditor received property exceeding amount of judgment.**

Where a judgment adjudged that defendant was the owner of a judgment against plaintiff, and that plaintiff owned a one-half interest in a note, and defendant subsequently collected the note, and refused to settle with plaintiff, though holding for his account an amount in excess of the judgment, the judgment was extinguished, and interest thereafter was not recoverable.

5. **Estoppel** ⬾68(2)—**Defendant held estopped to deny validity of orders on him for money pleaded as defense in former suit.**

Where, in a former action for an accounting between plaintiff and defendant, defendant had set up orders for money in favor of-third parties drawn on him by plaintiff, who after judgment purchased these orders and brought suit, since defendant used these as a defense in former action, he is now estopped from denying their validity.

6. **Limitation of actions** ⬾121(1)—**Filing of suit on claims held by others as collateral security prevents running of statute.**

Where, in a former action for an accounting, defendant set up as a defense orders drawn

by plaintiff on defendant in favor of third parties who held them as collateral security for debts due them by plaintiff, the filing of suit barred the running of limitations against the orders; the order holders being only proper, and not necessary, parties.

**7. Parties ⊜⇒84(2)—Nonjoinder should be pleaded in abatement.**

The nonjoinder of proper parties, to be available, should be pleaded in abatement and presented within the time prescribed for such pleas.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by J. K. Ayres against R. D. MacDonald. From judgment denying recovery on two items of plaintiff's claim, plaintiff appeals. Affirmed in part, and reversed in part and rendered.

See, also, 207 S. W. 686.

Woods, King & John, of Houston, for appellant.

L. B. Moody, of Houston, for appellee.

WALKER, J. This suit was brought by appellant against appellee to enforce the provisions of a judgment rendered in cause No. 67317, Ayres v. MacDonald, in the Eightieth judicial district court of Harris county. The parties to this suit were the same as the parties to the old suit, No. 67317. That suit involved a long, detailed accounting between appellee and appellant, and the judgment entered in that case was based on the following facts found by the court and set out in the judgment:

And it appearing to the court from the evidence as shown by the statement of said account above made that, except for certain orders given by the plaintiff to certain parties hereinafter named, drawn upon the defendant, authorizing the defendant to pay to said parties certain amounts of money therein named, on behalf of and for the account of the plaintiff, the defendant was and would have been indebted to the defendant on open account on January 29, 1915, in the sum of $7,353.17, but it appearing to the court that upon the dates hereinafter shown the plaintiff gave to the following named parties, for the account of the plaintiff, the amounts as follows, to wit: May 22, 1913. Order in favor of J. P. Ross for $751.77. May 29, 1913. Order in favor of John B. Peyton, for $925.41, with interest at the rate of 8 per cent. per annum from date of said order. March 7, 1914. Draft in favor of J. P. Ross for $801. March 8, 1914. Order in favor of Peyton & Pegoda, in the sum of $575 —the giving of which orders are adjudged by this court to have been an equitable assignment upon the part of the said plaintiff to the parties in said orders, in favor of who the same were given, of such amounts as the defendant was then, or might thereafter be, due and owing to the plaintiff, to the extent of the amounts named in said orders, said orders having priority in accordance with the dates thereof, and that the giving of said orders and notice thereof to the defendant, which it is found by the court was given on the date of each order, made the defendant liable to pay to the person named in or holding said orders the respective amounts therein out of any money which he then or thereafter had in his hands owing or belonging to the plaintiff, and it appearing to the court that .upon January 29, 1914, the defendant was indebted to the plaintiff in an amount larger than the aggregate amount covered by said orders given prior to that date, which included the order given to John B. Peyton above referred to, and that said order in favor of said Peyton should have been paid by the said MacDonald upon said date for the account of said Ayres, including interest from the date thereof, May 29, 1913, until said last-named date, January 29, 1914, at the rate of 8 per cent. per annum, aggregating $49.35 interest, it is therefore adjudged by the court that the aggregate amount of said orders, to wit, the sum of $3,053.18, together with the interest upon the order in ,favor of said Peyton from May 29, 1913, to January 29, 1914, in the sum of $49.35, should be taken account of and deducted from the amount which the defendant should otherwise be adjudged as owing to the plaintiff as of January 29, 1915, so that it should be, and is here now, adjudged that the defendant was upon said last-named date indebted to the plaintiff on open account in the sum of $4,250.64, after taking into account and deducting the amount of the orders and interest above mentioned, and that upon said balance the plaintiff should, and is hereby, adjudged to be entitled to interest at the rate of 6 per cent. per annum from said last-mentioned date to the date of this judgment, which added to said balance brings the same up to a total of $4,803.22 as of the date of this judgment."

The judgment further recited the fact that MacDonald had purchased a judgment against Ayres in cause No. 5681, Rogers v. Ayres, which, with interest and costs, amounted to $7,338.04, on the said 31st day of March, 1913, and ordered that the balance due by MacDonald to Ayres in the sum of $4,803.32 be credited on said judgment as of that date. John B. Peyton, the holder of the above-described order in the sum of $925.41, intervened in said cause No. 67317, and judgment was entered in his favor against MacDonald for the amount thereof. In said cause No. 67317 the drafts as described and set out in that portion of the judgment quoted above were put in issue by MacDonald by the following plea:

"Fifteenth. Defendant further shows to the court that on May 22, 1913, a draft or order on defendant was given by plaintiff to Capt. J. P. Ross for $751.77, to be paid out of any money which might come into defendant's possession over and above the amount owing by plaintiff to defendant, which draft was on said date accepted in writing by defendant, and, although said draft has not been paid, it constitutes an equitable assignment pro tanto of any sums of money which might be owing

by defendant to plaintiff, and defendant is liable therefor to said Ross, and said Ross has filed suit against defendant upon said accepted draft, which suit is now pending in the county court of Harris county, Tex.

"Sixteenth. Defendant further shows to the court that on or about the 7th day of March, 1914, a draft or order on this defendant was given by plaintiff to one J. P. Ross for the sum of $801, which draft has not been paid by defendant, but same constitutes an equitable assignment pro tanto of any. sum of money which might be due from defendant to plaintiff, and one of the banks of the city of Houston is now the owner and holder thereof as collateral.

"Seventeenth. Defendant further shows to the court that on or about the 8th day of March, 1914, a draft or order upon defendant was given plaintiff to one Peyton for the sum of $945, which draft has not been paid by defendant, but the same constitutes an equitable assignment pro tanto of any sum of money which might be due from defendant to plaintiff.

"Eighteenth. Defendant further shows to the court that on or about the 8th day of March, 1914, a draft or order on defendant was given plaintiff to Peyton & Pegoda for the sum of $575, which draft has not been paid by defendant, but the same constitutes an equitable assignment pro tanto of any money which might be due from defendant to plaintiff."

Ayres was also adjudged to be the owner of a half interest in a note against the Keystone Mills Company, described as follows:

"It further appearing to the court that as a part of the consideration paid by the Keystone Mills Company to the defendant for the lands conveyed to it by him on January 29, 1913, said Keystone Mills Company executed and delivered to the defendant, R. D. MacDonald, its negotiable promissory note of said date, payable to the order of said defendant, in the sum of $11,861.24, due and payable ―――― years after its date, with interest at the rate of 8 per cent. per annum, payable semiannually, which said note is secured by a vendor's lien upon said lands retained in said deed, and upon which said note the interest has been paid and credited up to January 29, 1915; and it appearing to the court that the plaintiff is the owner of and entitled to a half interest in and to said note and the amount due thereon.

"It is therefore so ordered, adjudged, and decreed that the plaintiff, J. K. Ayres, is the owner of an undivided one-half interest in and to said note, which, though heretofore impounded and placed in the registry of this court, under an interlocutory order, has heretofore, under another interlocutory order, been delivered back to the defendant by the clerk of this court."

After the rendition of judgment in cause No. 67317, all the parties to whom Ayres had given the orders, as described in said judgment, assigned him their interest therein.

Peyton also transferred him the judgment he had recovered as an intervener in that cause. Ayres brought this suit against MacDonald, alleging that he was the owner and holder of all the orders above described, and the judgment rendered in favor of Pey-

ton as an intervener, and that MacDonald had collected the note in which he had been adjudged to own a half interest. By answer appellee denied that he had collected the note, pleaded limitation against the three orders not reduced to judgment, that the Peyton judgment was not dormant, and for that reason could not be the basis of a recovery, and that the order for $751.77 was included in the order for $801, and that the order for $575 never had been issued by Ayres. The trial court instructed a verdict for appellant for one-half of the note, for the amount of the Peyton judgment, and the $801 order, and denied him recovery on the $751.77 order and $575 order. Ayres appealed, assigning error against the judgment of the court denying him recovery on the two orders for $751.77 and $575, and by cross-assignments appellee attacks the judgment against him for the half interest in the note, the Peyton judgment, and the $801 order. The following issues were raised by the assignments and cross-assignments thus presented:

[1] (1) We sustain the action of the court in instructing a judgment for appellant for one-half of the note. On this issue A. M. John, counsel for appellant, testified:

"Relating to paragraph 7 of our original petition which states as to the note executed by the Keystone Mills Company January 29, 1913, and delivered to the defendant and payable to his order for the sum of $11,861.24, I had a conversation with the defendant, Mr. R. D. MacDonald, in this case, and he stated to me he had collected that note, my recollection being that his statement was that he collected it July 26, 1917. That's my recollection of Mr. MacDonald's statement to me, but I am very emphatic that he told me he had collected that note. This conversation was up in Mr. MacDonald's office when I had up with him the matter as to how the debt should be paid, and was about five days before suit was filed. As to whether or not there was under discussion at that time the matter of a compromise between myself and Mr. MacDonald, I will say there was under discussion the matter of payment, not the amount, whether or not it would be paid at once or in installments. Yes; it is true that there was under discussion a settlement whereby the filing of the suit would be avoided; it was an effort to avoid filing the suit; that was the basis of the discussion I had with Mr. MacDonald."

By citation duly served on him, appellee had been fully advised of the nature of plaintiff's cause of action. He knew that plaintiff would offer proof that this note had been collected. With knowledge of this fact, if he desired to contest plaintiff's cause of action, the duty rested on him to offer proof on the issue thus made by his pleadings. Having remained silent, he brought himself within the rule announced by the Supreme Court of the United States in Kirby v. Talmadge, 160 U. S. 383, 16 Sup. Ct. 350, 40 L. Ed. 465:

" 'All evidence,' said Lord Mansfield in Blatch v. Archer, Cowp. 63–65, 'is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted.' It would certainly have been much more satisfactory if the defendants, who must have been acquainted with all the facts and circumstances attending this somewhat singular transaction, had gone upon the stand and given their version of the facts. McDonough v. O'Neil, 113 Mass. 92; Com. v. Webster, 5 Cush. 295, 316, 52 Am. Dec. 711. It is said by Mr. Starkie, in his work on Evidence (volume 1, p. 54): 'The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute, which is within his power and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice.' "

The silence of MacDonald was a sufficient corroboration of John's testimony. Hankins v. Flint, 136 S. W. 1171; Beene v. Rotan Gro. Co., 50 Tex. Civ. App. 448, 110 S. W. 162; Kirk v. Middlebrook, 201 Mo. Sup. 245, 100 S. W. 450.

Appellee contends that the record shows that he was not in attendance on the trial. If this point be conceded, it cannot avail him. His attorney announced him as being ready for trial. Having proceeded to trial willingly, we think he comes within the rule above announced.

[2] (2) The testimony of A. M. John, above quoted, was not subject to the objection that it was "part of an attempt to compromise and settle between the parties and therefore inadmissible." It was a statement of absolute liability, the admission by MacDonald of a fact not involved in any effort to compromise. A half interest in this note had been adjudged to Ayres, and it was the duty of appellee to pay him his interest in the proceeds of such collection. The amount of this note could not have been the subject of a compromise offer between them. 16 Cyc. 950; Jones' Commentaries on Evidence, vol. 2, p. 291; Wigmore on Evidence, vol. 2, § 1061, p. 1232.

[3] (3) The Peyton judgment was dormant on the 12th day of January, 1920, when this suit was filed. The judgment was rendered on the 31st day of March, 1917. Appellee duly perfected his appeal from that judgment. Mandate issued from this court on the 18th day of October, 1919, showing that the judgment had been affirmed on May 22, 1918. Though execution might have issued on that judgment, under articles 3714, 3715, R. S. 1911, appellee contends that it was not necessary that such execution issue, and that the time within which execution must have issued to save the judgment from becoming dormant did not begin to run until the mandate issued from this court. This is not our construction of our statute regulating the issuance of executions and providing

that a judgment shall become dormant "if no execution is issued within twelve months after the rendition." Rev. St. art. 3717. These articles constitute a law of limitation and must be construed as if they "had declared a judgment dormant, if executions were not issued in 12 months, from and after the time the same are issuable. The act is, in fact, an act of limitation." Phillips v. Lesser, 32 Tex. 742.

[4] (4) Appellee contends that the court should have allowed him interest at the rate of 10 per cent. per annum to the date of judgment herein on the old Rogers v. Ayres judgment held by him against appellant, as set out in the judgment in cause No. 67317. We cannot sustain him in this contention. When he collected the Keystone Mills Company note, in which appellant owned a half interest, he then held for the account of appellant a large sum of money in excess of the balance due on the Rogers-Ayres judgment. As he refused to settle with appellant, the court correctly extinguished the old judgment as of date the note was collected.

[5] (5) Appellee was estopped to deny the validity and existence of the $751.77 order and the $575. He had pleaded these orders as outstanding liabilities against him, and as being assignments to the alleged holders of funds held by him for the account of Ayres. This issue was made by him, and by it he defeated Ayres' recovery to the extent of the amount of these orders. As between these parties, Ayres was not held to inquire as to the validity of these orders, beyond the pleadings of the appellee and the recitals of the judgment. Though there was an adjudication that MacDonald was due Ayres the amount of these drafts, Ayres was denied his execution on the facts pleaded by MacDonald. Between them the existence of these drafts was res adjudicata, and appellant's objection should have been sustained to the testimony tending to show that one of them was covered by the $801 order and that the other had no existence. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 328; Railway Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; Aurora v. West, 7 Wall. 82, 19 L. Ed. 42.

[6, 7] (6) The court did not err in instructing against MacDonald's plea of limitation. The order holders, being prior creditors of Ayres, held these orders as collateral security for their old debts. Ayres was still the real owner of all sums due him by MacDonald, and he had the right to bring suit to recover the same. Of course, the order holders were proper parties to that litigation, but not necessary parties. The failure of Ayres to make them parties when he instituted cause No. 67317 was only a nonjoinder of proper parties, "which, to be available, should have been pleaded in abatement, and presented within the time prescribed by statute for such pleas." Liner v. Watkins

Land & Mortgage Co., 29 Tex. Civ. App. 192, 68 S. W. 314. The filing of that suit was a bar to the further running of the statute of limitation. The only bar to an execution in Ayres' favor in that suit was the outstanding equity in favor of the order holders. When Ayres extinguished that equity— whether by paying his debts or otherwise was no concern of MacDonald—his title to the balance of the fund due by MacDonald was clear. And, when MacDonald refused to pay that balance, a cause of action therefore arose in Ayres' favor, and the judgment in that cause, based upon MacDonald's pleading, was an effective estoppel against all defenses to that demand.

It follows from what we have said that the judgment of the trial court instructing against appellant on the $751.77 draft and the $575 draft must be reversed, and judgment here rendered for appellant. In all other respects the judgment of the trial court is affirmed.